# APPENDIX.

## I. NOTES OF CASES NOT OTHERWISE REPORTED.

### The State of Iowa v. Sipult.

*Appeal from Warren District Court — Thursday, April* 14.

INFORMATION : JURISDICTION : PRACTICE: INSTRUCTIONS.

The opinion of the court was announced by —

Lowe, J. — Information for petit larceny upon which the defendant was convicted. He relies, in this court, upon the following points:

1. That the original information is defective, in not charging that the larceny had been feloniously committed. The language of the accusation is in the words of the statute (§ 4237), that the defendant did steal, take and carry away, &c. This is all that is required in an information before a justice of the peace. The information in this case is fully up to the requirements of the statute, and very well drawn.

2. That the magistrate had no jurisdiction to try the cause, for the reason that although the property said to be stolen was worth less than twenty dollars, it was taken, if at all, in the night season, from the stable of the prosecuting witness, and the offense was therefore indictable. The words of the statute (§ 4238) are: "if any person in the night time, commit larceny in any dwelling house, store, or any public or private building," &c. It may well be doubted whether a stable falls under the description of building above designated.

The charge in the information is not that the larceny was committed in the night time from a stable or other building, but that the defendant stole, took and carried away a set of harness, the property of the prosecuting witness, on a certain day. It is only from the evidence that we learn that it occurred at night and from a stable. There is nothing therefore appearing affirmatively on the face of the proceedings that

shows a want of jurisdiction; and the defendant is not to be heard to allege, under such circumstances, that he has not been prosecuted for the greater instead of the lesser offense.

3. The charge of the court was given to the jury orally, and afterward reduced to writing. This was done, not only without objection, but with the acquiescence of the defendant. Now he seeks to take advantage of it. The bill of exception contains the charge or instructions as written out, and it shows that they were duly excepted to at the time by the defendant. It is not pretended that the instructions subsequently written out, differed, in any substantial particular, from those verbally given. We cannot consent to allow the defendant to take advantage of his own express consent to this irregularity; especially without any showing of prejudice.

Lastly: it is claimed that the verdict of the jury was against the evidence. This was too conflicting in its character to justify us in granting a new trial. Upon the same evidence, two juries had found the defendant guilty, and we think the probabilities are that a third would reach the same result. The judgment must be

Affirmed.

COLE, J., having been of counsel, took no part in the determination of this cause.

*Harrison McNeil* for the appellant — *C. C. Nourse*, Attorney-General, for the State.