## Mosley v. Morgan, et al.

(Decided January 11, 1911.)

## Appeal from Leslie Circuit Court.

Corporation—Acts of Agent—When Binding—Evidence.—In an action involving the title to standing timber, claimant, in his chain of title, introduced a written contract of sale of a corporation signed by its agent. At the same time he introduced evidence to the effect that the corporation had for a number of years been engaged in buying and selling land and standing timber, and that its business was and had been conducted by the agent whose name was signed to the contract. Held, that the contract of sale was properly admitted as evidence of title on the ground that where a corporation by a uniform course of dealing with the public, has held the agent out to the public as possessing the power to act for it in a certain capacity, and the agent makes a contract pursuant to his apparent authority, the corporation will not be permitted to repudiate the contract, for a uniform course of dealing is equivalent to actual authority in the absence of actual knowledge on the part of the party dealing with the agent of any limitation of the agent's authority.

T. G. LEWIS and METCALF & JEFFRIES for appellant.

J. M. BECKWELL and CLEON K. CALVERT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellee, Lee Morgan, instituted this action against Elihu Mosley, W. S. Mosley and Swann-Day Lumber Company, to recover the value of certain timber which it is alleged the defendants cut and removed from a tract of land of which appellee Morgan was the owner and in possession. To the petition Elihu Mosley filed an answer denying the allegations of the petition and pleading that the timber was cut from a tract of two hundred acres of land of which he was the owner by adverse possession for more than fifteen years. The affirmative allegations of the answer were denied by reply. During the progress of the action the appellee, H. M. Hensley, came in by answer and cross-petition and charged that he was the owner of all the oak trees standing and growing upon a certain tract of land (describing the same) and that a portion of the timber in controversy was cut from this land; that his title to said timber

was superior to that of either Lee Morgan or Elihu Mosley. He then asked judgment against Lee Morgan and Elihu Mosley for the sum of thirty dollars. Other pleadings were filed, completing the issues. A jury trial was had, which resulted in a verdict and judgment in favor of appellee Morgan for eight dollars and a verdict and judgment in favor of appellee Hensley for six dollars. From this judgment Elihu Mosley appeals.

It appears that appellee, Lee Morgan, derived title from the Zach Morgan fifty-acre grant No. 67761; by deeds from Zachariah Morgan to Minerva Morgan, and from John H. Morgan and Minerva Morgan, his wife, to appellee, Lee Morgan. It is insisted by counsel for appellant that a copy of the Zach. Morgan fifty acre grant is not in the record. At the time appellant's brief was filed this was true; since that time, however, a copy of the grant in question has been filed by consent of counsel. That being true, it follows that Lee Morgan has shown a good title of record to that part of the timber for which he recovered judgment.

Appellee H. M. Hensley, in making out his chain of title, introduced, first, a copy of the William Mattingly grant, No. 11707, surveyed September 14, 1847. He then followed this up with a chain of deeds to the Kentucky Coal Lands Company. Then follows a contract in writing, signed by Kentucky Coal Lands Company, per A. K. Cook, agent, by which the Kentucky Coal Lands Company sold to appellee Hensley all the merchantable timber situated on the company's lands on Short Creek and Muncy Creek in Leslie county, and giving to appellee seven years from the first day of January, 1908, within which to remove the timber. It is now insisted that the writing in question was in effect a conveyance of real estate, because the standing timber was not sold in contemplation of immediate severance from the soil, and that the contract, in order to be valid and vest title thereto in appellee should have been executed and acknowledged by the president and secretary of the corporation. Before the court, however, permitted the writing in question to be introduced, it heard evidence on the authority of A. K. Cook, as agent, to execute the contract. This evidence shows that the Kentucky Coal Lands Company had been for a number of years engaged in buying and selling lands and the timber thereon; that for five or six years prior to the execution of the contract in question, A. K. Cook, as agent for the Ken-

tucky Coal Lands Company, .had been selling standing trees upon the lands of. said company, and.it had never repudiated any of the sales so made. The rule is well settled, that, where a corporation, by uniform course of dealing with the public, has held the agent out to the public as possessing power to act for it in a certain capacity, and the agent makes a contract pursuant to his apparent authority, the corporation will not be permitted to repudiate the contract. Uniform dealing is equivalent to actual authority, in the absence of actual knowledge on the part of the one dealing with the agent of any limitation on his express authority. (Hurst et al. v. American Association, Limited, 105 Ky., 793.) There may be cases, of course, where the agent of a corporation, in the absence of express authority, would have no power to convey real estate belonging to the corporation. Here, however, the corporation is engaged in the business of buying and selling lands and the timber thereon. Having for a number of years intrusted this business to an agent, and permitted him to sell timber upon its lands, it will not be heard to say that such agent had no authority to convey the standing timber. That being true, appellant cannot complain of want of authority in Cook to execute the contract in question. We, therefore, conclude that appellee Hensley showed title to the trees for the value of which he obtained judgment.

Appellant did not show a record title to the land from which the trees in controversy were cut. He claims under a deed executed February 6th, 1882, but not recorded until January 23, 1908. His defense, therefore, was based upon adverse possession. In each case the question of adverse possession was submitted to the jury by instructions which are not complained of, and we cannot say that the finding of the jury is flagrantly against the evidence.

About two years after the suit was brought, appellant filed an amended answer in which he charged that the Zach. Morgan fifty-acre grant was void because it was covered and embraced by the John S. Sauzade forty-thousand acre survey which was made ten years prior to the Morgan grant. To the amended answer a demurrer was sustained. Appellant afterwards amended this answer and alleged that the Sauzade survey had been carried into grants, but he was unable to say which grant covered the land in controversy. A motion to

make; more specific was sustained, but no attempt was made to comply therewith. Subsequently the Sauzade survey was offered in evidence and excluded by the trial court. Even without a special plea to that effect, appellant, on the trial, might under the general issue have defended by showing that the land had been previously surveyed or patented. If, when he offered Sauzade's survey, he had accompanied the offer with the avowal that that survey actually covered appellee Morgan's land and that he could establish that fact by competent evidence, there might be some reason for reversing the case. Without such an avowal, we are unable to say that the court erred in refusing to permit the survey to be introduced.

Perceiving no error in the record prejudicial to the substantial rights of appellant, the judgment is affirmed.