GEORGE CUTTER

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed February 19, 1900.*

CRIMINAL LAW—*procedure is the same whether accused is an adult or a minor—oral instructions.* The procedure in criminal cases is the same whether the accused is an adult or a minor, and hence it is competent for a minor defendant to waive the requirement of section 52 of the Practice act that instructions be given in writing.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

R. HEBER BEATTIE, for plaintiff in error.

E. C. AKIN, Attorney General, (C. A. HILL, and B. D. MONROE, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

At the February term, 1895, of the criminal court of Cook county plaintiff in error was found guilty of larceny and sentenced to be confined in the State reformatory at Pontiac. Within the five years allowed by the statute plaintiff sued out this writ to reverse the judgment of conviction.

The error alleged is, that upon the trial the court gave oral instructions to the jury, in violation of section 52 of the Practice act, and that plaintiff in error, being a minor, could not consent to or waive the error. The record shows that the court instructed the jury orally by the express consent and agreement of the State's attorney and defendant and his counsel, made in open court at the trial. In *Bates* v. *Ball*, 72 Ill. 108, we held that while the statute required instructions to be given in writing, the requirement is one which may be waived by the parties, and that where they have consented they are bound by such consent and waiver. That was a civil case, but the rule is also applicable to criminal prosecutions. In *Bartley*

v. *People*, 156 Ill. 234, we held that a minor defendant in a criminal case might waive the requirement that he be furnished with a copy of the indictment and a list of the jurors and witnesses, and it was there said that "under the criminal laws of this State minors may be guilty of crimes and tried and punished the same as adults, the only difference being that in certain cases the punishment may be different. There is nothing in the statute or common law, in conformity with which criminal trials are had in this State, requiring a different procedure when the defendant is a minor from that in other cases." Courts will always be careful to protect the substantial rights of infants in criminal as well as civil cases, but guardians *ad litem* are not appointed for such defendants in criminal cases, and the procedure is the same whether the defendants are infants or adults.

Finding no error the judgment is affirmed.

*Judgment affirmed.*