## Harris v. Commonwealth (5 Cases).

(Decided December 6, 1910.)

### Appeal from Lee Circuit Court.

1. Intoxicating Liquors—Clandestine Sale by Distiller—Indictment and Trial.—Where it is shown by the evidence that with the knowledge of the owner of a distillery who kept a barrel of his whiskey in his dwelling house, one of his neighbors would go to his dwelling and draw whiskey from the barrel and place the price thereof on the barrel, no one else being in the room at the time, the trial court was warranted on the trial in submitting the case to the jury and the proof justified a verdict of guilty.

2. Trial—Oral Instruction to Jury.—While the Kentucky Code provides that the instructions shall be in writing, it is common knowledge that in the trial of misdemeanor cases, in order to save time, instructions are frequently, by agreement, given

orally, and when so given without objection, the defendant cannot complain on appeal.

J. B. WHITE and F. A. LYON, JR., for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

D. S. Harris is a distiller operating a distillery in Lee county, Kentucky. He was indicted several times by the grand jury, charged with the sale of whisky in violation of the local option law in force in said county. To each indictment he entered a plea of not guilty, and upon a trial before a jury was found guilty and his punishment fixed at a fine of $80 in each of three cases, $85 in one, and $100 in another. From the judgments predicated on said verdicts he has prosecuted an appeal to this court, and for reversal relies upon two grounds: First, that the evidence introduced by the Commonwealth was not sufficient to support and uphold the verdict; and second, that the court erred to his prejudice in instructing the jury orally.

The testimony offered by the Commonwealth in each case is to the effect that the prosecuting witness went to the house where the defendant lived, went into the house and into a back room thereof, and from a keg or barrel of whisky drew a designated quantity of whisky, and deposited on the top of the barrel the price therefor; that upon each of said occasions the defendant was not in the house or in sight, so far as the witness knew, and perhaps the only person seen was the housekeeper. On this showing it is insisted that the court should have instructed the jury to find for the defendant. We think not. The defendant owned the residence, was known to be engaged in the manufacture of whisky, and must have let it be known that he kept liquor where it was of easy access in his residence. It is not probable that persons, even though they occupied the position of friends and neighbors, would have, without invitation or knowledge on the part of the defendant or someone connected with him in a business way, gone to his house and through his house into the rear portion thereof and helped themselves to his whisky in the way and manner in which these witnesses say they did. Nor is it at

all probable that they would have in each instance deposited the price for the whisky which they received upon the barrel, or bed, as one witness said he did, unless some arrangment or understanding had previously been had between the accusing witness and either defendant or someone connected with him. Neither of the witnesses say they asked the woman in charge at the house for the whisky or told her what they wanted; but it appears that upon application they were admitted, and, being admitted, helped themselves to the desired amount of liquor, and upon payment therefor, as above indicated, went away. That she knew what they wanted, there cannot be the slightest doubt, and her presence in the house was evidently for the purpose, among other things, of seeing how much whisky each took and that he deposited the proper price therefor. At least, on this showing the judge was warranted in submitting the case to the jury, and we are of opinion that the proof amply warranted and justified their verdict of guilty.

As to the second ground relied upon for reversal little need be said, for the reason that the record shows that the defendant in each case consented that the instructions might be given orally. While the Code provides that the instructions shall be in writing, it is common knowledge that, in the trial of misdemeanor, in order to save time and expedite the trial, instructions are frequently, by agreement, given orally. No complaint is made that the instructions given by the court were prejudicial to the accused, or that the instructions which are copied in the record are not in fact the instructions given by the court. The only complaint is that the case should be reversed because the court, with the consent of the accused, did not reduce the instructions to writing. There is no merit in this objection, and the trial judge properly refused to grant the accused a new trial on this ground.

Perceiving no error of which appellant might rightfully complain, the judgment is each case is affirmed.