### Ferguson v. Commonwealth (Two cases).

(Decided January 6, 1911.)

## Appeals from Logan Circuit Court.

Intoxicating Liquors—Possession in Local Option Town—Prosecution—Conviction—Oral Instructions to Jury.—On the trial of a defendant prosecuted for having whiskey in his possession in a local option town, the court in the absence of defendant from the court room tried the defendant, giving the jury oral instruction and without being represented by counsel. Held, that Sec. 225 of the Criminal Code requires that the instructions be given in writing, and no departure from this rule can be tolerated except by the consent of the parties to the trial.

J. LEWIS WILLIAMS and S. R. CREWDSON for appellant.

S. J. BROWNING, JAS. BREATHITT, Attorney General, TOM B. M'GREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

One of these prosecutions was started in a police court. A warrant was issued against the defendant for having in his possession whisky in the town of Russellville, where the local option law prevailed, for the purpose of sale. He was tried by a jury in the police court and the lowest penalty, a fine of $50.00 and ten days in jail, was assessed against him. He appealed to the circuit court. While his appeal was pending in the circuit court, another warrant was issued by the Judge of the county court charging him with a like offense. He was tried in the quarterly court by a jury and again fined $50.00 and sentenced to serve ten days in jail, from which ruling he appealed to the circuit court.

It seems that after his trial in the quarterly court, he went to Muhlenberg county and engaged in boring wells, but returned to Russellville on the day his cases were set for trial, went to the law office of S. R. Crewdson for the purpose of engaging his services; failing to find Mr. Crewdson on his first trip to the office he returned to the office and at about nine o'clock A. M., while waiting for Mr. Crewdson to arrive at his office, according to his story, he turned deathly sick, went to his hotel and went to bed, and his cases were tried in his absence and without being represented by counsel. The trials resulted in the assessment of the maximum penalty in each case. Appellant made a motion in each of the cases for a new trial, both of which were overruled. The court tried the motions and heard oral testimony. Appellant and two other witnesses, one of whom was the hotel proprietor, testified as to his sickness and his inability to attend the trials in the circuit court. The Commonwealth introduced several witnesses who saw appellant in the morning up to nine o'clock and in the afternoon after the trials, and these witnesses say that he did not have the appearance of having been sick. As stated, the court overruled his applications for a new trial and he has appealed.

Appellant assigns several grounds for a reversal, but we need mention only one, to-wit, the circuit court erred in giving oral instructions to the jury in each of the cases at the time he was convicted and the maximum penalty assessed. As we understand the record, it is agreed that the court gave oral instructions. Section 225 of the Criminal Code provides:

"The court shall, on the motion of either party and before any argument to the jury, instruct the jury on the law applicable to the case, which shall always be given in writing."

Thus it will be seen that the Code requires that the instructions be given in writing, and no departure from this rule can be tolerated. See Payne v. Commonwealth, 1 Met., 370; Coppage v. Commonwealth, 3 Bush, 532, and the many other authorities which might be cited. Written instructions, however, can be waived by the parties consenting thereto in misdemeanor cases.

For this reason alone, the cases are reversed and remanded for further proceedings consistent herewith.