## Allen v. Commonwealth.

(Decided May 14, 1912.)

### Appeal from Perry Circuit Court.

1. Criminal Law—Larceny—Evidence as to Value of Articles Stolen.—Where the degree of the offense in larceny depends upon the value of the property stolen, its value is to be arrived at by the jury from a consideration of all the facts and circumstances shown in the evidence.

2. Criminal Law—Instructions—Waiver of Right to Demand Written.—Although section 225 of the Criminal Code provides that "the court shall on motion of either party and before any argument to the jury instruct the jury on the law applicable to the case, which shall always be given in writing," the defendant in a felony case may consent that the court orally instruct the jury; and when it appears that he has so consented, and it is not shown that his substantial rights have been prejudiced by the failure to give written instructions, he will be bound by his consent.

H. C. DAVIDSON, S. M. WARD for appellant.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant was indicted by the grand jury of Perry County for the crime of grand larceny, which is

a felony, and upon his trial was found guilty and sentenced to imprisonment in the penitentiary for a term of years. He asks a reversal of the judgment upon the verdict, first, because the evidence was not sufficient to sustain a conviction for grand larceny, and, second, because the court orally instructed the jury.

In reference to the first ground, section 1194 of the Kentucky Statutes defining grand larceny, provides that:

"Persons guilty of larceny of goods, money, chattels or other property of the value of twenty dollars or more, shall be punished by confinement in the penitentiary not less than one nor more than five years."

Section 1243, of the Kentucky Statutes, defines petit larceny which is a misdemeanor as the stealing of property of "less value than twenty dollars."

The prosecuting witness, who was a peddler and had for sale the watch stolen, testified that it cost him $17.50, and that the retail price at which he sold it was $21.50. While a jeweler who was introduced as a witness in behalf of the appellant said that the cost of the stolen watch was $12.50, and the retail price $16.

In cases like this, where the degree of the offense depends upon the value of the property, it often happens that the witnesses will differ as to its value, and, when there is a difference of opinion as to this matter, it is for the jury to form their own conclusion from the evidence as to the value of the property stolen. Evidence of the cost price of an article is not conclusive as to its value, nor indeed is evidence as to its selling price. The test by which the degree of guilt of the accused is to be determined is the value of the article at the time it was stolen, and this value is to be arrived at by the jury from a consideration of all the facts and circumstances shown in the evidence. Where the article stolen is in general use and has what might be called a standard market value, of course the best evidence of the value of such an article is the price at which it sells in the open market. But where the article does not appear to have a standard value in the open market or its standard value is not shown, the evidence of its value must be arrived at from facts and circumstances testified to by witnesses who qualify themselves to speak as to its value. Here, the witness who had for sale the article stolen, testified that its value at the time it

was stolen, or in other words, the price at which he sold it, was $21.50, while another witness testified that the value of watches of like make and character was $16. With the evidence in this condition we think the jury had the right to say that the value of the article was $20 or more, and to find the accused guilty of grand larceny under instructions telling them that if they believed the property stolen was of the value of $20 or more, they should find him guilty of grand larceny, and if it was of less value than $20, they should find him guilty of petit larceny. State v. Finch, 70 Iowa, 316; 59 Am. Rep., 443; Printz v. People, 42 Mich., 144, 36 Am. Rep., 437; State v. Doepke, 68 Mo., 218, 30 Am. Rep., 785; State v. Brown, 55 Kansas, 611.

In reference to the instructions, section 225, of the Criminal Code, provides that:

"The court shall, on the motion of either party and before any argument to the jury, instruct the jury on the law applicable to the case, which shall always be given in writing."

We have held that this Code provision is mandatory, and that the trial judge must instruct the jury in writing, even in misdemeanor cases, unless the accused consents that oral instructions may be given or waives the right to have them in writing. Ferguson v. Commonwealth, 141 Ky., 457. We have also ruled that in misdemeanor cases the accused by his counsel may waive this provision of the Code, either by consenting to oral instructions or failing to take proper exception to the giving of such instructions. Mobile & Ohio R. Co. v. Commonwealth, 122 Ky., 435. In this case the record shows that the attorneys for the accused con-sented in open court that the court might orally instruct the jury, and it is conceded that the instructions given, which are copied in the record are unexceptionable; so that, the precise question for decision is, may the defendant in a felony case by consenting thereto waive the Code provision requiring instructions to be in writing. We have not been able to find any case from this court presenting this question. In the felony case of Payne v. Commonwealth, 1 Met., 370, the court condemned the practice of giving verbal instructions, and held that the failure to reduce the instructions to writing was reversible error, but it does not appear from the opinion that the accused in that case in any manner

waived the provisions of the Code. Here, the acts of the accused were an open and affirmative waiver. Undoubtedly, it is better practice in all felony cases for the court to instruct the jury in writing, although the accused may consent that they be instructed orally. It is of the highest importance that the jury should be accurately and fully advised as to the law applicable to the case when they retire to their jury room to consider the verdict and determine the guilt or innocence of the accused by the application of the law as given by the court to the evidence as related by the witnesses. It was to prevent misunderstanding or misconstruction of the law that the Code provision was inserted requiring instructions to be in writing. If the instructions are oral, the jurors may have different views as to what the court stated was the law of the case, and this of course might often result to the prejudice of the accused. But when the jury have before them in writing the law of the case, there is no room for misunderstanding or dispute as to what it is, and the probability that the accused will be prejudiced by error of the jury in understanding and applying the law is largely if not altogether removed. But, while this is true, we do not think the Code provision is one that may not be openly and affirmatively waived by the accused in a felony case. The right to demand or have written instructions is not a common law right or a right guaranteed by the Constitution. It is merely a statutory practice adopted for the protection of the accused; and unless it should appear—as it does not in this case—that his substantial rights were prejudiced by the failure to give written instructions, we do not think he should be heard to complain of a practice to which he openly and affirmatively consented. In Bishop's New Criminal Law, Vol. 1, sections 995, 996, it is said:

"It is a doctrine to which there are few exceptions that a party in a cause may waive any right which the law has given him, even a constitutional one. *  *  *

"This right of waiver comes from the principle of natural justice that one should not complain of that which he consented. Still in the criminal law, the court will sometimes for the protection of the defendant refuse him permission to make the waiver, or if he makes it, will decline to hold him to its consequences."

But the exceptions to the general rule holding the

defendant bound by his express waiver have not been extended to embrace his waiver of the right to have the instructions in writing in felony cases. Cutter v. People, 184 Ill., 395; State v. Sipult, 17 Iowa, 575; Voght v. State, 145 Ind., 12; State v. Bumgardener, 7 Baxter (Tenn.), 163; Bishop's Criminal Procedure, sections 117-126.

The judgment is affirmed.