## Adams Express Company v. Commonwealth.

(Decided March 2, 1915.)

### Appeal from Morgan Circuit Court.

1. Intoxicating Liquors—Criminal Prosecutions—Delivery in Local Option Territory—Sufficiency of Evidence.—In a prosecution

against a common carrier for shipment of liquors into local option territory, where the proof fails to show that the sale of liquor was prohibited by law· in the county to which the same was shipped, or that the package containing the liquor did not have on it memoranda as required by the Act of 1914, showing the name and address of the consignee and consignor, and a statement showing the use the consignee intended· to make of it, no offense is proven.

2.   Criminal Law—Trial—Instructions in Writing.—Section 225 of the Criminal Code requires that instructions in criminal cases shall always be given in writing, unless in misdemeanor cases where the requirement is waived.

LAWRENCE MAXWELL, ALLAN N. CISCO and S. MONROE NICKELL for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

The appellant was convicted and fined $100 on an indictment for carrying and transporting spirituous liquors into local option territory on the 22d day of June, 1914, and delivering the same to one Joe Cottle. The appellant urges a reversal for several reasons.

Joe Cottle was the only witness introduced by the Commonwealth, and he testifies that about Christmas before the finding of the indictment—not June 22d as alleged—he mailed an order to Josselson Brothers at Catlettsburg, Kentucky, for four quarts of whiskey, and enclosed the money to pay for same, and later received the whiskey from the agent of the Adams Express Company at Liberty Road, in Morgan County, Kentucky. He did not know from what point the whiskey was consigned. He ordered the whiskey for his personal use, and, in fact, used it all himself except some that his brother-in-law drank. The appellant introduced W. T. Phillips, its agent at Liberty Road, and he testified that he delivered the whiskey to Cottle; that it was shipped from Josselson Brothers at Ironton, Ohio, and not Catlettsburg, Kentucky. He testified also that the records of appellant and the labels on the package and the express bill so showed. There was no other evidence in the case, and hence no evidence that the sale of intoxicating liquors was prohibited by law in Morgan County.

The date of the offense, June 22d, 1914, alleged in the indictment, would render it subject to the penalties

of the Act of March 9th, 1914, entitled, "An Act prohibiting shipment of liquors for sale in local option territory, and prohibiting persons from having in possession for sale liquors in such territory," but there is no allegation nor proof that the package containing the liquor did not have on it a memoranda as required by the act, showing the name and address of the consignee and consignor, and a statement showing the use the consignee intended to make of it.

The circumstances proven occurred about Christmas, and before the act referred to was effective, but as the shipment originated at Ironton, Ohio, and there is nothing in the evidence tending to show that it was intended to be received, possessed, or sold or in any manner used by any one in violation of the laws of this State, no offense was proven.

In the case of Adams Express Co. v. Commonwealth, 154 Ky., 462, it was held that a common carrier commits no offense against the laws of this State where it transports intoxicating liquors from a point in some other State to a point within local option territory in this State, if the liquor is not intended to be used contrary to law.

The case would have to be reversed on either of the three grounds referred to. Another should be mentioned, and that is the refusal of the court to instruct the jury in writing. Section 225 of the Criminal Code requires that instructions in criminal cases shall always be given in writing, and this rule has been rigidly adhered to, unless in misdemeanor cases the requirement be waived. Payne v. Commonwealth, 1 Met., 370; Allen v. Commonwealth, 148 Ky., 327, 146 S. W., 762; Harris v. Commonwealth, 141 Ky., 70, 132 S. W., 148; Furgerson v. Commonwealth, 141 Ky., 457, 132 S. W., 1030.

The judgment is reversed.