## Lyttle v. Commonwealth.

(Decided September 29, 1922.)

### Appeal from Harlan Circuit Court.

1. Indictment and Information—Joinder—Demurrer.—An indictment that attempts to join two or more offenses not embraced in section 127 of the Criminal Code of Practice is demurrable.
2. Indictment and Information—Duplicity—Waiver.—Where the accused fails to demur to or otherwise attack the validity of an indictment, which is defective for duplicity and also because it does not adequately charge any offense, but enters a plea of not guilty and proceeds to trial, treating the indictment throughout the trial and on motion for a new trial as though it properly charged the offense of which he was convicted, he is to be regarded as having waived the defects in the indictment, and cannot avail himself of them on appeal.
3. Criminal Law—Instructions—Written Instructions—Waiver.—Section 255 of the Criminal Code requires the instructions given by the trial court to be in writing, but in prosecutions for misdemeanors, if the accused fails to object to the giving of oral instructions, the error is waived.

LYTTLE & MORGAN for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Appellant was convicted in the Harlan circuit court of the offense of unlawfully transporting intoxicating

liquor, and was fined three hundred dollars and sentenced to serve sixty days in jail. He asked for a new trial on two grounds: First, because the verdict of the jury was flagrantly against the weight of the evidence; and, second, on account of newly discovered evidence which would prove his innocence.

On this appeal neither of the grounds set up in the motion for a new trial is insisted on for a reversal of the judgment, but it is contended (a) that the indictment is not sufficient because in the accusatory part thereof appellant was charged with unlawfully selling, bartering and loaning spirituous, vinous and malt liquors, and in the descriptive part, with unlawfully and wilfully transporting spirituous, vinous, malt and intoxicating liquors; and (b), because the court did not instruct the jury in writing but orally instructed it.

Under point (a) the indictment is attacked on the ground of duplicity. Undoubtedly the indictment is bad on that ground in that it attempts to charge more than one offense. Mays and Terry v. Commonwealth, 194 Ky. 540. The practice in this jurisdiction makes such defects ground for demurrer, unless the offenses attempted to be joined are those embraced in section 127 of the Criminal Code of Practice, and that is not true in this case. The indictment is also defective because it does not adequately charge any offense. If appellant had questioned its validity on either of these grounds, we would not hesitate to reverse the judgment. But no demurrer was filed and on the trial appellant entered a plea of not guilty and proceeded with the trial of the case just as if the indictment properly charged the offense for which he was tried. In the accusatory part of the indictment appellant was not charged with unlawfully transporting intoxicating liquors—the offense for which he was tried—though in the descriptive part that was the charge made. This defect, as well as the other mentioned, made the indictment demurrable. But nevertheless, both the Commonwealth and the accused treated it as charging the offense of unlawfully and wilfully transporting spirituous, vinous and intoxicating liquors and none other. The proof was confined to that question, and the instructions that were given were limited to that feature of the law. Furthermore, appellant failed to make any motion or take any steps, during the course of the trial or thereafter, to call the trial court's attention to the de-

fects in the indictment. He made no motion for a peremptory instruction, nor did he make any motion in arrest of judgment. Neither did he, in his grounds for a new trial, attack the validity of the indictment. We, therefore, have a case in which the accused was convicted under an indictment that was demurrable on account of its duplicity, and also under one that defectively charged the offense for which he was tried. But, inasmuch as the accused treated the indictment as if the accusatory part, as well as the descriptive part, correctly charged the offense for which he was tried, and did not at any time question its validity, but proceeded with the trial as though the indictment were proper in every respect, the defects referred to, glaring as they are, must be regarded as waived. Hodges v. Commonwealth, 11 Ky. Law Rep. 226; Moore v. Commonwealth, 18 Ky. Law Rep. 129; Sturgeon v. Commonwealth, 18 Ky. Law Rep. 668; Patterson v. Commonwealth, 99 Ky. 610; Greer v. Commonwealth, 164 Ky. 396; Daniels v. Commonwealth, 181 Ky. 365.

Contention (b) must also be denied. Section 225 of the Criminal Code of Practice requires that the instructions given by the trial court be in writing. But, in prosecutions for misdemeanors, the defendant may waive the requirement, and we have frequently held that a waiver arises from the failure to object to the giving of oral instructions. M. & O. R. R. Co. v. Commonwealth, 122 Ky. 435; Whitaker v. Commonwealth, 188 Ky. 95. This rule is clearly recognized in Ferguson v. Commonwealth, 141 Ky. 457, relied on by appellant. In the case at bar the record shows that the trial judge, after the evidence was concluded, orally instructed the jury as to the law of the case, but it does not show that appellant requested that the instructions be put in writing, or that he objected or excepted to any of the instructions, either as to the substance and form or as to the manner in which they were given. In his motion and grounds for a new trial he did not complain of the giving of the instructions orally or of their substance and form. It is obvious, therefore, that this error, too, was waived.

The judgment is affirmed.