## Siler v. Commonwealth.

### (Two cases.)

(Decided October 6, 1922.)

### Appeals from Harlan Circuit Court.

1. Criminal Law—Instructions.—Section 225 of the Criminal Code requires the instructions to be in writing, and, unless the right thereto is waived, a failure of the court so to do is reversible error.

2. Criminal Law—Instructions—Waiver.—The right was not waived where the defendant at the time objected and excepted to the instructions given "and to the manner of giving same," and asserted as a ground for a new trial "because the court misinstructed and refused to properly instruct the jury."

SNYDER & ADKINS, J. S. FORRESTER and F. F. ACREE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The defendant, Lucy Siler, was convicted in both of these cases of unlawfully selling intoxicating liquor to one Farley, and in each complains that the court erred in overruling her demurrer to the indictment, and in instructing the jury orally.

The only objection to the indictments is that in negativing the exceptions stated in the section of the statute which defines the offense (2554a-1), the words "in the Commonwealth of Kentucky" are omitted, but as each indictment in a single sentence charges the commission of the offense in the county of Harlan and state of Kentucky, and concludes with the statement, "and not for

sacramental, scientific, medicinal or mechanical purposes," it is obvious there is no merit in this contention.

The record discloses the fact that the court instructed the jury orally instead of in writing, as is required by section 225 of the Criminal Code; that the defendant in each case objected and excepted "to the giving of each of said instructions and the manner of giving same;" and in the motion for a new trial assigned as a reason therefor "because the court misinstructed and refused to properly instruct the jury." We therefore find it impossible to hold that she waived her statutory right to written instructions, as was done by the defendant in M. & O. Railroad Co. v. Commonwealth, 122 Ky. 435, 92 S. W. 299; Whitaker v. Commonwealth, 188 Ky. 95, 221 S. W. 215, upon which counsel for the Commonwealth rely for an affirmance.

The objections interposed by the defendant in the instant cases clearly were directed not only to the substance of the instructions but, as stated in the record, "to the manner of giving same" as well; and we do not regard the language of the motion and grounds for a new trial quoted above reasonably susceptible of the construction of referring simply to the substance of the instructions, as argued for the Commonwealth, but consider it sufficient also to direct the court's attention again to the manner in which they were given.

That in such circumstances the error was not waived but is ground for reversal has been held by this court in Ferguson v. Commonwealth, 141 Ky. 557, 132 S. W. 1030; Payne v. Commonwealth. 1 Metc. 370; Coppage v. Commonwealth, 3 Bush 532; Harris v. Commonwealth, 141 Ky. 70, 132 S. W. 148; Allen v. Commonwealth, 148 Ky. 327, 146 S. W. 762; Adams Express Co. v. Commonwealth, 163 Ky. 275, 173 S. W. 764.

Wherefore, the judgment is reversed, and a new trial ordered in each case.