## Thompson v. Commonwealth.

(Decided January 9, 1923.)

## Appeal from Floyd Circuit Court.

1.   Intoxicating Liquors—Reputation As Bootlegger—Evidence.—Although on a prosecution for a violation of the prohibition enforcement liquor act, chapter 33, Acts General Assembly, 1922, evidence that the reputation of the accused is that of a "bootlegger" of intoxicating liquors is made admissible by section 15 of the act, where, as in this case, the offense for which the accused was indicted was committed prior to the passage of that act, and was a violation of the previous prohibition enforcement act of 1920, which contained no provision making that character of evidence competent, the admission against the accused of such evidence by the trial court, over his objection, was reversible error.

2.   Criminal Law—Instructions Required to be in Writing.—The requirement of section 225, Criminal Code, that instructions "shall always be in writing," is mandatory and must be obeyed. The accused may, however, consent of record that the trial court orally instruct the jury. But to bind or estop him by such consent, it must appear from the record that he gave it, and, also that his substantial rights were not prejudiced by the failure of the court to give written instructions. As in this case the record shows that the trial court orally instructed the jury, notwithstanding an objection from the accused to that method of instructing them, and his motion, made at the time, that it be done in writing, and that the latter duly excepted to the action and rulings of the court referred to it can but follow that the failure of the court to instruct the jury in writing must be held reversible error.

J. D. SMITH for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This appeal is prosecuted from a judgment of the Floyd circuit court entered upon the verdict of a jury whereby the appellant, on his trial under an indictment charging him with that offense, was found guilty of un-

lawfully having in his possession, for sale, spirituous liquors, and his punishment fixed at a fine of $300.00 and 60 days' confinement in jail. He was refused a new trial in the court below, the grounds for which also constitute the errors assigned on the appeal for the reversal sought of the judgment complained of. They are, that the trial court erred: (1) In refusing, at the conclusion of the evidence an instruction, asked by the appellant, directing the jury to return in his behalf a verdict of "not guilty." (2) In admitting, on the trial, incompetent evidence. (3) In orally instructing the jury as to the law of the case, notwithstanding the appellant's objection to that method of giving the instructions and his request, made at the time, that the instructions be given in writing.

As we will be compelled to reverse the judgment on both the second and third grounds urged therefor, it will be unnecessary to discuss the first ground relied on for that purpose, except to say that the trial court's refusal of the peremptory instruction therein complained of was not error, as in our opinion the evidence heard on the trial, exclusive of such part thereof as will presently be declared incompetent, was sufficient to require the submission of the case to the jury.

The alleged incompetent evidence admitted by the trial court, complained of in the second ground relied on for the reversal of the judgment, was that furnished by the testimony of, at least, two witnesses to the effect that the appellant's reputation was that of a "bootlegger," i. e., unlawful trafficker in intoxicating liquors. This evidence was objected to by the appellant before and when admitted, and the overruling of the objection by the court duly excepted to by him.

Such evidence as that referred to was never competent until made so by chapter 33, section 15, Acts General Assembly, 1922; and as it appears, without contradiction, from the evidence in this case that the offense for which the appellant was indicted and tried, if it occurred as charged, was committed in the summer of the year 1921, and, consequently, before the passage of the act of 1922, and, necessarily, before its provisions went into effect, it follows that the offense was one against and triable under the previous liquor prohibition act of 1920, which contained no provision making such evidence as that in question admissible. In the recent case of Fletcher v. Comlth., 196 Ky. 626 (Advance Sheets, Dec.

23, 1922), in which the admission of such evidence as that here involved was held reversible error, we in part, said:

"Such evidence would have been competent if the offense had been committed against and the appellant indicted under chapter 33, Acts 1922, section 15 of which makes this character of evidence admissible. But as the offense for which the indictment in this case was returned was one committed under and denounced by the prohibition act of 1920, which contains no provision making competent or admissible evidence like that in question, and there is no general law recognizing its competency, it clearly results that the admission of such evidence against the appellant was error of such character as necessarily prejudiced his substantial rights."

The conclusion thus stated in Fletcher v. Commonwealth, *supra,* was also expressed in the following cases: Handshoe v. Commonwealth, 195 Ky. 762; Davidson v. Commonwealth, 196 Ky. 307; Mullins v. Commonwealth, 196 Ky. 613.

Obviously, the third ground urged by the appellant for the reversal of the judgment must be sustained. The requirement of section 225, Criminal Code, that instructions "shall always be in writing," is mandatory and must be obeyed. Payne v. Commonwealth, 1 Met. 370; Coppage v. Commonwealth, 3 Bush 532; Luby v. Commonwealth, 12 Bush, 1; Kennedy v. Commonwealth, 14 Bush 340; Siler v. Commonwealth, 195 Ky. 821.

It is true that in Ferguson v. Commonwealth, 141 Ky. 457, and Harris v. Commonwealth, 141 Ky. 70, it was held that in a prosecution under indictment for a misdemeanor the fact that the trial court instructed the jury orally instead of in writing, would not on an appeal by the defendant be declared reversible error, if it appears from the record that he consented to the giving of oral instructions, or to waive the giving of written instructions. In Allen v. Commonwealth, 148 Ky. 327, it seems to have been held that even in a prosecution for a felony the defendant may consent of record that the trial court orally instruct the jury, but that to bind him by such consent it must appear from the record that he gave it, and, also, that his substantial rights were not prejudiced by the failure of the court to give written instructions.

In the case at bar the record shows that the trial court orally instructed the jury, notwithstanding an objection from the appellant to that method of instructing them

and his motion, made at the time, that they be instructed in writing. The record also shows that the appellant duly entered exceptions to the action and several rulings of the court referred to, and in the motion for a new trial made these rulings a part of the grounds urged therefor. It therefore conclusively appears from the record that the trial court in instructing the jury orally, violated the mandatory provision of section 225, Criminal Code, requiring the instructions to be in writing; and this error, if there were no other appearing in the record, is sufficient to compel the reversal of the judghment. Siler v. Commonwealth, 195 Ky. 829.

For the reasons indicated the judgment is reversed and cause remanded with directions to the lower court to set it aside and grant the appellant a new trial consistent with the opinion.