## Hart v. Commonwealth.

(Decided May 1, 1923.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Refusal of Requested Instruction on Circumstantial Evidence is not Error.—The giving of an instruction, singling out and specifically defining circumstantial evidence, and stating the legal force and effect to which it is entitled, is never authorized, so that it was not error to refuse the request of accused for such an instruction.

2. Criminal Law—Searches and Seizures—Discoverey of Stolen Money After Entering Room on Defendant's Invitation Held not Illegal. —Where prosecuting witness and a police officer, who suspected defendant of grand larceny, entered defendant's room at her invitation after they knocked, and while therein, talking with defendant, the officer discovered, without search, a roll of money which prosecuting witness claimed was part of that stolen, there was no violation of the constitutional rights of accused against unlawful search, and evidence as to the finding of the money was admissible against her.

3. Criminal Law—Evidence Obtained by Illegal Search Not Reviewable, in Absence of Objection, Ruling, and Exceptions.—The admission of incompetent evidence, improperly obtained from defendant by an illegal search, cannot be complained of on appeal, unless it is shown by the record that the defendant objected to the admission of such evidence at the trial, that the objection was overruled by the trial court, and that an exception to such ruling was taken.

4. Larceny—Evidence Held to Authorize Submission of Guilt to Jury. —Evidence that stolen money was left in an unlocked safe in the owner's place of business near which defendant was sitting when the owner left the place, and that on the following morning a roll of money containing bills of the same denominations, except that several $1.00 bills were missing, was found in defendant's room after defendant had denied possessing more than 35 cents held sufficient, notwithstanding defendant's evidence as to the source from which she obtained the money, to warrant submitting to the jury the issue of her guilt of grand larceny.

5. Criminal Law—Consent to Oral Instructions Must affirmatively Appear.—Even though the necessity for written instructions can be waived in a prosecution for felony as well as in one for misdemeanor, oral instructions cannot be sustained, unless it affirmatively appears that defendant consented to the giving of such instructions, and the consent shows the nature of the waiver, a perfunctory statement that the giving of written instructions was waived, being insufficient.

6. Criminal Law—Giving of Oral Instructions Held Reversible Error. —Where the court cannot say that the giving of oral instructions did not prejudice defendant's substantial rights, failure to give written instructions will be regarded as reversible error.

LEO J. SANDMANN for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The trial of the appellant, Kate Hart, in the Jefferson circuit court, criminal division, for the crime of grand larceny charged by indictment, resulted in a verdict and judgment finding her guilty and fixing her punishment at confinement for one year in the penitentiary. The overruling of the motion for a new trial filed by the appellant in the court below, led to her prosecution of the present appeal.

Her first contention is that the trial court erred in refusing to give instruction "D" regarding circumstantial evidence, offered by her. While we repeatedly have held that conviction of crime may be had upon circumstantial evidence alone when it is of such force as to reasonably exclude every hypothesis of the defendant's innocence (Bowling v. Comlth., 193 Ky. 642; Mobly v. Comlth., 190 Ky. 424), we have also time and again declared that the giving of an instruction singling out and specifically defining circumstantial evidence and the legal force and effect to which it is entitled, is never authorized. Consequently the refusal of the one in question was not error. Whitehead v. Comlth., 192 Ky. 428; Bullington v. Comlth., 193 Ky. 529; Skaggs v. Comlth., 196 Ky. 399.

We fail to discover any merit in the appellant's complaint of error in the overruling by the trial court of her motion, made at the conclusion of the evidence, for a directed verdict of acquittal. Judging from the record, we infer that the motion was not based upon the theory that there was no evidence conducing to prove the appellant's

guilt, but rather that such of the evidence as tended to prove her guilt was incompetent because obtained, as claimed, by an invasion of her home, without a search warrant. The property alleged to be the subject of the larceny was $166.00, in money consisting of two $10.00 bills, one $2.00 bill, eighteen $5.00 bills and fifty-four $1.00 bills, all stolen about nine o'clock p. m. from an unlocked safe in the owner's place of business, very near which the appellant, as shown by the Commonwealth's evidence, was sitting smoking a cigarette, both when the money was put in the safe by the owner and when the latter, forgetting to lock the safe, left her place of business for the night. Early the next morning the owner of the $166.00, upon discovering its loss from the safe, suspecting the appellant of having stolen it, summoned to her assistance a policeman and with him proceeded to visit the appellant at her nearby room, upon reaching which they knocked at the door and were admitted by appellant, who left her bed for that purpose but to which, though partly dressed, she immediately returned. Upon being charged by the owner of the $166.00 with its theft, she denied the charge and said she had no money except thirty-five cents in her purse. While appellant was engaged in conversation with the owner of the lost money and police officer, the latter, as he and his companion testified, saw a wad or roll of something lying on and near the head of her bed, which upon picking up and examining the officer found to be a roll of money in bills amounting to $136.00. This roll of money, with the exception of the absence of a number of the $1.00 bills, was composed of bills of the same appearance and amounts, respectively, as those stolen the night before from the safe of the owner, and were, in fact, identified by the owner as a part of the stolen $166.00.

It seems apparent from the evidence that though the police officer in going with the owner of the stolen money to the room of the appellant acted upon the belief, and had reasonable grounds to believe, that she had stolen the money in question and was therefore guilty of a felony, he did not force or attempt to force his way into her room, but after knocking at the door entered it with his companion upon appellant's invitation or with her consent. And though her arrest followed the discovery without search of the money on her bed, it is not apparent that the fact of the officer's thus acting without a search or other warrant, amounted to an invasion of any right guaranteed

the appellant by the constitution of the state. If, however, the contrary were true, it is conclusively shown by the record that the evidence referred to was not objected to by the appellant when introduced, nor did she move to exclude it at the conclusion of all the evidence. It is a well recognized rule of practice in this jurisdiction that incompetent evidence improperly obtained against the defendant in a criminal or penal prosecution by virtue of an illegal search warrant, or in the absence of a legal search warrant, cannot be complained of on appeal, unless it is shown by the record that it was objected to by the appellant on the trial, the objection overruled by the trial court, and an exception taken to such ruling.

We are also of the opinion that the refusal by the trial court of the peremptory instruction asked by appellant was authorized because the evidence was sufficient to require the submission of the case to the jury. While the appellant's testimony that the greater part of the money found in her possession had been given her by a former husband was corroborated by another witness, which produced some conflict in the evidence, it was for the jury to determine from it as a whole the appellant's guilt or innocence.

The appellant's complaint of the failure of the trial court to instruct the jury in writing, presents a more serious question. While the record perfunctorily states that the appellant waived the giving of written instructions, how the waiver was made is not disclosed. After careful consideration of the question by the whole court, we have reached the conclusion that in a case charging a felony, conviction of which would deprive the defendant of his life or liberty, and in either event necessarily render him infamous, it should affirmatively be made to appear of record that he consented to the giving of oral instructions by the court. Such consent would show the nature of the waiver. We very much question whether, even in a prosecution for a misdemeanor, the defendant should be permitted to waive the giving of written instructions. Manifestly the requirement of section 225, Criminal Code, that instructions "shall always be in writing," is mandatory and should therefore be obeyed. In no other way can the growing and inaccurate practice of giving them orally, which leads to an unnecessary increase of appeals, be stayed. But as this court has in many cases approved the practice, its condemnation now could but produce confusion. We would, however, re-

strict it as above indicated and as in effect stated in Allen v. Comlth., 148 Ky. 327, by declaring that while in a case of felony, as in that of a misdemeanor, the defendant may consent of record that the trial court orally instruct the jury, to bind him by such consent it must affirmatively appear of record that he gave it; and also that his substantial rights were not prejudiced by the failure of the court to give written instructions. As we cannot say that the appellant was not prejudiced in her substantial rights in this case by the failure of the court to give written instructions, we must regard such failure reversible error. Thompson v. Comlth., 197 Ky. 188. Judgment reversed for a new trial not inconsistent with the opinion.

Whole court sitting.