## Press Hendrickson and George Gray v. Commonwealth.

(Decided April 30, 1926.)

### Appeal from Knox Circuit Court.

1. Intoxicating Liquors.—Evidence held to sustain conviction for possessing equipment for manufacturing intoxicating liquor.
2. Witnesses.—Motive of witness in testifying only affects his credibility.
3. Criminal Law.—Credibility of witnesses is for jury.
4. Criminal Law—Testimony of Witnesses that they had Heard Rumors as to Spot where Articles for Manufacturing Liquor were

Found Held Not Reversible Error, in View of Subsequent Proof.—Any error in admission of testimony of witnesses that they had heard rumors with reference to spot where equipment for manufacturing intoxicating liquor was found held not reversible, where they afterwards verified such rumor by visiting place, thereby substantiating rumor as true.

5. Criminal Law—Objections Held Sufficient to Reach Defects in Substance of Instructions and Failure and Refusal of Court to Submit them in Writing (Criminal Code of Practice, Section 225).—Objections reciting that defendants objected to "instructions and manner of giving same, which motion court overruled, and that defendants excepted to ruling and action of court," held sufficient to reach, not only defects in substance of instructions, but failure and refusal of court to submit them in writing, as required by Criminal Code of Practice, section 225.

W. J. STONE for appellants.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Reversing.

The appellants, Hendrickson and Gray, were jointly indicted by the grand jury of Knox county, in which they were accused of the offense "of having in their possession a moonshine still and parts of equipment designed and designated for the unlawful purpose of manufacturing spirituous liquor." Upon their joint trial thereunder they were each convicted and their motion for a new trial being overruled they prosecute this appeal. Numerous grounds were incorporated in the motion for a new trial, and which were claimed to be prejudicially erroneous, but the record discloses that none of them possesses merit except the one relating to the instructions of the court.

It is strenuously argued that the evidence of the Commonwealth was insufficient to sustain the convictions, but that contention is clearly untrue, since two witnesses testified to having seen defendants in possession of the forbidden articles, and it is furthermore proven by other witnesses that defendants not only endeavored to dissuade those two witnesses from attending court and testifying at the trial but also threatened them if they did so. Defendants denied all of that testimony and stated that they never possessed any still or apparatus used in connection therewith. On the contrary,

they stated that the particular still in question was owned, possessed and operated by Tom Gray, one of the two witnesses who testified for the Commonwealth. The trial resulted in a strenuous effort on the part of defendants, and of the witnesses who testified against them, to place the guilt of the possession of the still and its apparatus upon the other and to clear themselves of any blame in connection therewith. It was found on Sandy branch in Knox county, along which and in the vicinity of which there seems to have been a general and indiscriminate violation of the statute with regard to the illicit manufacture of whiskey, and most everyone who testified in the case so shaped his testimony as to allow him to "flee from the wrath to come." But whatever the weight to be given to that sort of motive on the part of the Commonwealth's witnesses it, after all, only affects their credibility, which under the practice is a question for the determination of the jury. It can not, therefore, be said that the verdict was not authorized by the evidence, nor that it was flagrantly against it.

Objections were made to the testimony of some of the witnesses who stated that they had heard rumors with reference to the spot where the articles were found, and to which defendants objected. Technically the testimony was incompetent, but we are not prepared to say that its admission under the circumstances was reversible error, since the same witnesses afterwards verified the rumor which they improperly testified to by visiting the place, and thereby substantiated the truth of that rumor.

A fatal error, however, was committed by the court in the method of instructing the jury over the objections and exceptions of defendants, and which objections were broad enough to reach not only defects in the substance of the instructions, but likewise the failure and refusal of the court to submit them in writing. The language of the objection as contained in the record was: "To which instructions and the manner of giving the same the defendants objected, and which motion the court overruled and defendants excepted to the ruling and action of the court." The same ground was thus stated in the motion for a new trial: "The court erred in instructing the jury, both in the substance of the said instructions and as to the manner of giving same, to which the defendants objected and excepted at the time, and they still object and except."

Section 225 of our Criminal Code says: "The court shall, on the motion of either party and before any argument to the jury, instruct the jury on the law applicable to the case, *which shall always be given in writing.*" (Our italics.) We have held that the requirement that the instructions should be in writing could be waived by the defendant in misdemeanor prosecutions, and that a waiver would follow upon a failure to object to the instructions, or unless his objections when made were sufficient to include an objection to the *manner* of submitting the instructions. To illustrate, if only a general objection to the instruction was made it would be deemed to be directed to its substance and not to the manner of giving it; but when it appears that the objection was also directed to the manner of its giving the question would then be properly presented. Cases illustrating the waiver referred to are Whittaker v. Commonwealth, 188 Ky. 95; M. & O. Railroad Co. v. Commonwealth, 122 Ky. 435, and cases wherein the objection was held to be sufficient to preserve and present the question of objections to oral instructions on appeal to this court, are, Siler v. Commonwealth, 195 Ky. 829; Lyttle v. Commonwealth, idem 729; Payne v. Commonwealth, 1 Met. 370; Coppage v. Commonwealth, 3 Bush 532; Harris v. Commonwealth, 141 Ky. 70; Ferguson v. Commonwealth, idem 555; Allen v. Commonwealth, 148 Ky. 327, and Adams Express Company v. Commonwealth, 163 Ky. 275.

In the Siler case the objections by defendant were couched in almost the identical language employed by defendants in this case, the objection therein being, "To the giving of each of said instructions and the manner of giving same," and in the motion for a new trial in that case that ground was assigned in this language: "Because the court misinstructed and refused to properly instruct the jury;" which was not as comprehensive as the language employed in the motion for a new trial in this case wherein the objection was, partly, "To the manner of giving same." The cases *supra* furthermore hold that the error when not waived is a reversible one, which leaves us no alternative course in this case.

Wherefore, the judgment is reversed, with directions to set it aside, to grant the new trial, and for proceedings consistent herewith.