## Bartram v. Commonwealth.

(Decided February 25, 1930.)

JOHN W. McKENZIE for appellant.

J. W. CAMMACK, Attorney General, and G. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Reversing.

The county judge of Boyd county issued a warrant of arrest for the appellant, Kate Bartram, charging her with the offense of possessing intoxicating liquor in violation of law. At her trial before that officer she was convicted, and she prosecuted an appeal to the Boyd circuit court. The case was set for and was tried at the September, 1929, term of that court, by a default judgment against appellant, wherein she was convicted and punished by a fine of $300 and 60 days' confinement in the county jail. At the same term of court she appeared by counsel and entered motion to set aside the default judgment and grant her a new trial upon two grounds: (1) That she was misled as to the day upon which the prosecution would be called for trial in that court, and for which reason she was not present to present her defense, which she claimed she had; and (2), that the court, at the

default judgment trial, without her knowledge or consent and contrary thereto, instructed the jury orally in violation of the express terms of section 225 of our Criminal Code of Practice, saying: "The court shall, on the motion of either party and before any argument to the jury, instruct the jury on the law applicable to the case, which shall always be given in writing."

Whether ground 1 was or not sufficient to authorize the court to sustain the motion and set aside the judgment we need not determine, in view of the fact that this court has construed and applied the inserted section of the Criminal Code to mandatorily require the court to give written instructions in criminal prosecutions, unless waived by defendant, which it is not contended was done in this case; and because of all of which we will not discuss or determine that ground.

In admitting the error of the trial court in not sustaining ground 2, the brief for the commonwealth says: "The court seems to have laid down the rule that written instructions can be waived by the parties consenting thereto in misdemeanor cases, but that since the defendant was not present, she could not and did not waive the requirements of section 225, Criminal Code of. Practice. We are unable to agree that this court has in any way departed from the decision in that (Ferguson) case, 141 Ky. 457, 132 S. W. 1030, but on the other hand the court has shown a tendency to restrict any exception to section 225, Criminal Code of Practice. . . . As we view the matter, these decisions are controlling." Among the numerous cases so construing that section are Payne v. Commonwealth, 1 Metc. 370; Coppage v. Commonwealth, 3 Bush, 532; Harris v. Commonwealth, 141 Ky. 70, 132 S. W. 148; Ferguson v. Commonwealth, 141 Ky. 457, 132 S. W. 1030; Allen v. Commonwealth, 148 Ky. 327, 146 S. W. 762; Adams Express Company v. Commonwealth, 163 Ky. 275, 173 S. W. 764; Siler v. Commonwealth, 195 Ky. 829, 243 S. W. 1030; Lyttle v. Commonwealth, 195 Ky. 729, 243 S. W. 1037; Hart v. Commonwealth, 198 Ky. 844, 250 S. W. 108, and Hendrickson v. Commonwealth, 214 Ky. 228, 282 S. W. 1060.

The facts in the Ferguson case were exactly on all fours with those in this one, i. e., that the first conviction was in an inferior court with an appeal prosecuted to the circuit court in which the default judgment was rendered.

246

At that trial the court gave oral instructions, exactly as was done in this case, followed by a similar motion to the one involved here, and which the court overruled. Upon appeal to this court the judgment was reversed, and in the opinion section 225 was quoted, followed by this language: "Thus it will be seen that the Code requires that the instructions be given in writing, and no departure from this rule can be tolerated. See Payne v. Commonwealth, 1 Metc. 370; Coppage v. Commonwealth, 3 Bush, 532, and the many other authorities which might be cited. .Written instructions, however, can be waived by the parties consenting thereto in misdemeanor cases." Although the court therein used the words "misdemeanor cases," the question as to whether the Code requirement could be waived in felony cases was not before it, as is also true in this case, and for that reason the right to waive the Code requirement should have been confined to the character of prosecution under consideration, and which we now do in this case, leaving the question for future determination in other degrees of criminal offenses.

Since, therefore, it clearly appears that there was no waiver of the right to have the jury instructed in writing, ground 2 should have been sustained by the court, and its failure to do so compels us to sustain the motion for an appeal, and to reverse the judgment, which is accordingly done, with directions to grant the new trial and for proceedings consistent with this opinion.