## Gipson v. Commonwealth.

(Decided Dec. 15, 1933.)

JOHN L. DIXON for appellant.

BAILEY P. WOOTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

E. B. Gipson has been convicted of the crime of maliciously shooting and wounding with intent to kill, and his punishment fixed at confinement in the state penitentiary for a term of two years. He was accused of wounding Shafter Couch, who testified that he and Taylor Bowling left the home of Dave Gipson and were followed by appellant. When appellant overtook them, he drew a pistol and fired at Couch, wounding him, all without provocation. Bowling testified to substantially the same facts. Appellant claims he shot in self-defense.

It is not contended that the evidence was not sufficient to sustain the verdict, but the sole ground urged for a reversal of the judgment is that the trial court committed a prejudicial error in giving the instructions to the jury orally. The bill of exceptions shows that appellant objected and excepted at the time because the court did not submit its instructions to the jury in writing. Section 225 of the Criminal Code of Practice provides that instructions shall always be given in writing. The requirement that instructions in criminal prosecutions must be written may be waived, even in felony cases, but, unless waived, it is mandatory, and the giving of oral instructions over the defendant's objection constitutes reversible error. Bartram v. Commonwealth, 233 Ky. 244, 25 S. W. (2d) 378; Lewis v. Commonwealth, 197 Ky. 449, 247 S. W. 749; Thompson v. Commonwealth, 197 Ky. 188, 246 S. W. 435; Allen v. Commonwealth, 148 Ky. 327, 146 S. W. 762; Ferguson v. Commonwealth, 141 Ky. 457, 132 S. W. 1030; Hart v. Commonwealth, 198 Ky. 844, 250 S. W. 108.

In the instant case the instructions were given orally, and the defendant at the time objected because they were not given in writing. It follows that the judgment must be, and it is, reversed, with directions to grant appellant a new trial.