## Hounchell v. Commonwealth.

(Decided April 19, 1938.)

A. T. W. MANNING for appellant.

HUBERT MEREDITH, Attorney General, and WILLIAM F. NEILL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Reversing.

Steve Hounchell was indicted at a special term of the Clay circuit court on the 6th day of April, 1937, charged with the offense of unlawfully, willfully, knowingly, and intentionally carrying concealed upon or about his person a deadly weapon, other than an ordinary pocket knife, to wit, a pistol, contrary to the statute made and provided in such cases. On the 14th day of the same term of court he was tried and convicted by a jury and his punishment fixed at a fine of $50 and 10 days in jail. It was the judgment of the court that the Commonwealth recover of the defendant Hounchell $50, and that he be placed in the county jail for a period of 10 days. It was further adjudged that he be disfranchised for a period of 2 years. He filed a motion and grounds for a new trial at the same term of court, which was overruled. He appeals.

He relies upon several grounds for reversal, but the chief one is, that the court instructed the jury orally without his knowledge or consent; that it was error for the court to fail to instruct the jury in writing in the absence of the defendant and in the absence of any appearance for him on a trial of the case.

The court has reached the conclusion that it was a prejudicial error upon the part of the trial court to instruct the jury orally. It is admitted that the defendant was not present in person, or represented by an attorney, and he did not waive written instructions.

In the case of Bartram v. Commonwealth, 233 Ky. 244, 25 S. W. (2d) 378, this court carefully and succinctly discussed the binding effect of section 225, Criminal Code of Practice, in giving instructions in criminal cases, and in that case emphatically indorsed and clinched the rule that instructions in every instance in criminal cases under and by reason of the section of the Criminal Code of Practice, supra, must be in writing, unless waived by the defendant in person or by an attorney representing him, or when present by failing to object to oral instructions given by the court.

174

On the authority of Bartram v. Commonwealth, supra, and citations stated therein, we are compelled to sustain the motion for an appeal and reverse the case.

The other alleged errors relied upon, if errors, may not occur again on another trial. Thus, we pass them up.

The judgment is accordingly reversed, with directions to grant the defendant a new trial, and for proceedings consistent with this opinion.