Harold BERRY, Petitioner,

v.

Dan GRAY, Warden, Kentucky State Reformatory, Respondent.

Civ. A. No. 3425.

United States District Court
W. D. Kentucky,
Louisville Division.

Sept. 17, 1957.

Wilton R. Long, Jr., Louisville, Ky., for petitioner.

Jo M. Ferguson, Atty. Gen., Robert F. Matthews, Jr., Asst. Atty. Gen., for respondent.

SHELBOURNE, Chief Judge.

August 2, 1957, Harold Berry filed his petition in this Court for a writ of habeas corpus, alleging in substance that he is presently serving a sentence at the Kentucky State Reformatory at La-Grange, Kentucky, under a judgment of the Breckinridge Circuit Court rendered on the 11th day of February, 1954, following a verdict of a jury fixing his punishment at life imprisonment; he was indicted for the offense of rape of a female over 12 years of age, an offense created by Section 435.090 of the Kentucky Revised Statutes. He tendered with the petition a motion and affidavit to be permitted to proceed in forma pauperis, pursuant to the provisions of Section 1915, Title 28 United States Code. That motion was sustained and an order was issued, pursuant to Section 2243, Title 28 United States Code, directing the respondent, Dan Gray, Warden of Kentucky State Reformatory, and the Attorney General of the Commonwealth of Kentucky to appear in this Court on August 12, 1957 to show cause why the writ should not be issued. Berry also petitioned the Court to appoint counsel to represent him in this action. As authorized by Subsection (d) of Section 1915, Title 28 United States Code, the Court *requested* Wilton R. Long, Jr., an attorney of the Louisville Bar, to represent the petitioner.

August 12, 1957, the Attorney General appeared in accordance with the show cause order and filed a motion to dismiss the petitioner's application for a writ on the ground that no constitutional right of the petitioner had been violated as disclosed by his application for the writ. The motion to dismiss was overruled, the

writ of habeas corpus was ordered to issue, and a hearing was set for September 5, 1957, on which date testimony was heard by the Court.

The petition alleges that the judgment of the Breckinridge Circuit Court, under which the petitioner is confined, is void because petitioner's constitutional rights under the Sixth and Fourteenth Amendments to the Constitution of the United States were violated. He alleges that no appeal was prosecuted from the judgment of conviction because he did not discover the irregularities in the proceedings against him until the statutory time for appeal had expired but that he, by habeas corpus proceedings in the State courts, exhausted all of the remedies under State procedure, including an application for a writ of certiorari to the Supreme Court of the United States, 353 U.S. 986, 77 S.Ct. 1288, 1 L. Ed.2d 1145, from an adverse decision in the Kentucky Court of Appeals, 299 S.W. 2d 124.

The facts alleged in his petition filed in this Court raise the same questions which were included in his habeas corpus proceedings in the State courts, that is, that he was denied the effective assistance of counsel. The allegations of fact contained in his petition were substantially supported by the evidence.

It was stipulated by counsel at the trial in this Court that petitioner had exhausted the remedies available to him in the State courts as a jurisdictional requirement to his right to file an application for a writ of habeas corpus in this Court, as provided by Section 2254, Title 28 United States Code.

From the stipulations filed and evidence heard, the Court makes the following findings of fact.

### Findings of Fact.

(1) The petitioner, Harold Berry, was indicted by the Grand Jury of the Breckinridge Circuit Court for the offense of rape by an indictment returned in said Court on the 9th day of January, 1954.

On February 11, 1954, as shown by an order of the Breckinridge Circuit Court, the defendant was arraigned; he waived all formalities and entered a plea of guilty. The order recites that the "indictment was read to him, represented, by S. H. Monarch." The order states that a jury was impanelled and then continues, "After receiving the Oral instructions of the Court, the Jury was placed in custody of the Sheriff, who was duly sworn as provided by Law in such cases and directed to the Jury room to make a verdict." There is then the recitation that the jury returned a verdict of "guilty", and fixed the petitioner's punishment at "Life in prison."

On February 16, 1954, he was sentenced by the Court and is now under confinement by virtue of that judgment.

(2) Petitioner's mother, Dora Ellen Carver, testified in this Court that, on or about February 3, 1954, she employed Sam H. Monarch, an attorney and member of the Bar of the Breckinridge Circuit Court, to represent her son, Harold Berry, as counsel; that she had previously employed Sam H. Monarch to represent the petitioner on a charge of storehouse breaking, an offense for which the petitioner had been indicted at a term of the Breckinridge Circuit Court in October, 1953.

(3) Sam H. Monarch was a successful candidate for the office of County Attorney of Breckinridge County at the regular November election in 1953, and took the oath of office and entered upon the discharge of his duties as County Attorney on January 4, 1954.

Sam H. Monarch as County Attorney caused the warrant of arrest to be issued for the petitioner on the charge of rape, conducted the examination of witnesses before the Grand Jury at the February, 1954, Term of the Breckinridge Circuit Court, and represented the petitioner at the trial on the rape charge on February 11, 1954. These facts are shown by the court order and the testimony of William Hodges, Commonwealth's Attorney of the Breckinridge Circuit Court in February, 1954, and now Judge of the

Breckinridge Circuit Court, and Ralph Logan, Special Judge of the Breckinridge Circuit Court at its February Term in 1954.

Dora Ellen Carver testified that, by employment, Sam H. Monarch agreed with her and with her husband, Herbert Carver, to represent petitioner on the charge of storehouse breaking and also on the charge of rape for the fee of $200, which they had paid him for his employment in the storehouse breaking case.

(4) The trial order of the Breckinridge Circuit Court shows that the instructions by the Court to the jury were given orally, notwithstanding the provisions of Section 225 of the Kentucky Criminal Code of Practice which requires that instructions in a criminal case "shall always be given in writing." Hendrickson v. Commonwealth, 214 Ky. 228, 282 S.W. 1060, 1061; Hounschell v. Commonwealth, 273 Ky. 172, 116 S.W.2d 332. This fact is material because petitioner testified that, in the instructions to the jury, no mention was made of a possible punishment provided by statute of confinement in the penitentiary for a period of not less than 10 years nor more than 20 years. He testified that the only punishment authorized in the instructions given to the jury upon its finding of a verdict of guilty was death, or confinement in the penitentiary for life without privilege of parole, or confinement in the penitentiary for life.

The proceedings in the Breckinridge Circuit Court, including the giving of instructions, were not reported and the only reference to the instructions given is in the court order, which merely recites that the jury was orally instructed.

(5) Sam H. Monarch testified that he did not appear, as recited in the trial order, in the Breckinridge Circuit Court as counsel for Harold Berry. There was introduced a letter, which Mr. Monarch wrote to Berry under date of March 9, 1956, wherein Mr. Monarch said, in part,

"When the rape case was called the Court proceeded as if you were represented by counsel, when in fact I was not even present at the time. As you know, I could not be atty for you in the rape case, because I was at the time County atty and in addition to this I had never even discussed the rape case with your parents and had not received a cent in addition to the two hundred paid me by Mr. Carver before the rape was even committed.

"Until the time I read the application for the writ of Habeas Corpus I was under the impression that Counsel had been appointed for you in the Rape case and was shocked to see my name mentioned as atty for you.

"The facts are; You had no attorney in the rape case and notwithstanding the record I was not even present when the case was finally disposed of. Tho I had discussed the housebreaking case with Mr. Hodges in the afternoon, at which time he told me that he meant to try you on the Rape charge. After this I did not meddle further with the matter.

"Now, if you wish to set out the facts as I have stated them in an application for a new trial or on an appeal I will gladly tell the truth and I believe that you may possibly obtain some relief, but I *was not* your atty in the rape case and did not appear for you, tho you may have been under the impression that I was also employed or authorized to act in that case, also."

Mr. Monarch's testimony in the trial in this Court was contradicted by the testimony of the Special Judge presiding in petitioner's trial in the Breckinridge Circuit Court, by the testimony of the Commonwealth's Attorney (now Circuit Judge), by the testimony of Dora Ellen Carver, by the testimony of the petitioner, and by the record of the proceedings against petitioner in the Breckinridge Circuit Court.

Therefore, it is apparent in this case that the question to be determined is

whether the petitioner enjoyed the effective assistance of counsel. The answer to this question seems obvious; either the petitioner was represented by an attorney prohibited by subsection (5) of the Kentucky Revised Statutes, KRS § 69.210(5), from taking a fee or acting as counsel in any case in opposition to the interest of Breckinridge County and where it was his statutory duty to assist the Commonwealth's Attorney in the prosecution of petitioner or the petitioner was denied any counsel whatever, if Mr. Monarch is right in his testimony and in his letter to Berry that he did not represent the petitioner and was not present when his case was tried. In either event, we think the safeguard provided in the Sixth Amendment to the Constitution of the United States was disregarded. It is there provided that, in all criminal prosecutions, the accused shall have the assistance of counsel for his defense. The Court, therefore, makes the following conclusions of law:

### Conclusions of Law.

(1) This Court has jurisdiction of this proceeding. Section 2241, Title 28 United States Code.

(2) The petitioner has exhausted the remedies available in the courts of the State of Kentucky and this Court, therefore, has jurisdiction to entertain the writ of habeas corpus under the provisions of Section 2254, Title 28 United States Code.

(3) " * * * It is immaterial whether such counsel was appointed by the Court or selected by the accused, in the absence of facts constituting a waiver of the right. (Citing cases.) The prejudice to a defendant from the failure to have the effective assistance of counsel results whether counsel is court appointed or selected by the accused. The right 'is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.' Glasser v. United States, 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680." Craig v. United States, 6 Cir., 217 F.2d 355, 359.

(4) In the case of In re Murchison, 349 U.S. 133, 75 S.Ct. 623, 625, 99 L.Ed. 942, the Supreme Court said, "Justice must satisfy the appearance of justice." See also Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

### Conclusion.

It is, therefore, concluded that the petitioner, Harold Berry, did not have the effective assistance of counsel upon his trial in the Breckinridge Circuit Court, and that his conviction is void because of his failure to have counsel not bound by duty to assist in his prosecution.

The right of the authorities of the Breckinridge Circuit Court to take petitioner back into the custody of that Court for another trial is not prejudiced or impaired by the nullification of the judgment of that Court. Murphy v. Massachusetts, 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711.

Counsel will present to the Court appropriate order putting into effect the above conclusion within ten (10) days from the date of this memorandum.