## Handshoe v. Commonwealth.

(Decided September 29, 1922.)

### Appeal from Floyd Circuit Court.

1. Intoxicating Liquors—Evidence.—Evidence held insufficient to prove an unlawful transportation of liquor by the defendant.

2. Intoxicating Liquors—Character Evidence.—Evidence of the defendant's bad character held inadmissible in a prosecution for transporting liquor under the prohibitory act adopted at the 1920 session and subsequent to the time the offense was alleged to have been committed; declaring such testimony admissible in any prosecution under the latter act was not applicable.

B. M. JAMES for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The defendant was convicted of transporting spirituous liquor in violation of section 2554a-1, Kentucky Statutes, and his punishment fixed at a fine of $75.00 and confinement in the county jail for 30 days.

Numerous grounds are assigned for a reversal, but being convinced that the evidence was wholly insufficient to warrant a submission of the case to the jury, we shall confine our discussion to the sufficiency and competency of the evidence and leave open all other questions raised upon this appeal.

The defendant did not testify or offer any evidence in his own behalf, and the Commonwealth only proved that a quart jar of moonshine whiskey was found buried in the garden of defendant's nephew the next day after defendant's arrival from his home about forty miles distant for a visit, and that defendant's reputation "as a transporter" of such liquor was bad. Clearly, there was nothing in this evidence to warrant more than a suspicion that the defendant had transported or hidden the whiskey found in his nephew's garden shortly after his arrival at the latter's home, and even that suspicion rests almost if not entirely upon the evidence of his bad reputation, which was clearly incompetent and admitted over his objections and exceptions.

Conceding that such evidence is generally incompetent except in rebuttal after the defendant has put his character in issue by testifying himself or introducing proof of good character, as is the thoroughly established rule (Owen v. Commonwealth, 188 Ky. 498, 222 S. W. 524), it is suggested by the attorney for the Commonwealth that it was doubtlessly admitted by the trial court by reason of section 15, chapter 33 of the 1922 Acts, which declares such testimony admissible in any prosecution under that act, but, as is also conceded, the provisions of that act are inapplicable here because the indictment was returned before its adoption and under the prohibitory act of 1920, which contains no such provision.

It is therefore clear that the defendant was convicted upon mere suspicion of guilt, induced by incompetent evidence admitted over his objection and exception, and the judgment must be and is reversed, with directions for a new trial consistent herewith.