## Mullins v. Commonwealth.

(Decided November 28, 1922.)

### Appeal from Rockcastle Circuit Court.

1. Intoxicating Liquors—Bootlegging Reputation not Admissible Where Offense was Committed Prior to the Adoption of the Act of 1922.—In a prosecution for violating liquor laws evidence that accused's reputation was that of a bootlegger is not admissible where the offense was committed prior to the adoption of the prohibition act of 1922.

2. Appeal and Error—Intoxicating Liquors—Bootlegging Reputation Prejudicial Error.—Where the case was a close one on the facts, and the Commonwealth's attorney in his argument to the jury stressed the point that it had been shown that accused was a notorious bootlegger, the admission of evidence that accused's reputation was that of a bootlegger was prejudicial error.

L. W. BETHURUM for appellant.

CHAS. I. DAWSON, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Though appellant, who was convicted of keeping intoxicating liquors for sale, assigns numerous grounds for a reversal, the only ground we deem it necessary to consider is the admission of evidence that appellant's reputation was that of a bootlegger. While this character of evidence is admissible under the prohibition act of 1922, the offense charged against appellant was committed prior to its enactment, and under the law then in force such evidence was not admissible. Owen v. Com.,

188 Ky. 498, 222 S. W. 524. As the case is a close one on the facts, and the Commonwealth's attorney in his argument to the jury stressed the point that several witnesses had testified that appellant was a notorious bootlegger, it, cannot be doubted that the admission of the evidence complained of was prejudicial error. Handshoe v Commonwealth, 195 Ky. 762, 243 S. W. 1024; Davidson v. Commonwealth, 196 Ky. 307, — S. W. —.

Judgment reversed and cause remanded for a new trial consistent with this opinion.