## Alford v. Commonwealth.

(Decided January 12, 1923.)

### Appeal from Clark Circuit Court.

1. Appeal and Error—New Trial—Grounds.—An alleged error not embraced in or pointed out by the motion and grounds for a new trial will not be considered on appeal.

2. Intoxicating Liquors—Evidence of Defendant's Character.—Evidence of defendant's bad character for violation of the liquor laws is incompetent in a prosecution under the enforcement act of 1920.

RODNEY HAGGARD for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellant was indicted charged with the unlawful transportation of spirituous liquors, and on his trial was convicted. He was denied a new trial and has appealed.

Two reasons for reversal are urged: first, that the court erred in refusing the peremptory instruction asked for, which was based upon the contention that the verdict rests wholly upon the evidence of one Martin, who, it is claimed by appellant's counsel, was an accomplice, and whose evidence it is claimed is wholly uncorroborated, as is required by section 241 of the Criminal Code; and, second, that as the prosecution was under the prohibition enforcement act of 1920 the court erred in admitting evidence for the Commonwealth over his objection as to appellant's reputation for the violation of the liquor laws.

The first alleged error relied upon is not embraced in, or pointed out by the motion and grounds for a new trial, and cannot, therefore, be considered.

As to the second contention, it has several times recently been held by this court that evidence of defendant's bad character for violation of the liquor laws was incompetent in a prosecution under the act of 1920. Handshoe v. Commonwealth, 195 Ky. 762; Davidson v. Commonwealth, 196 Ky. 307; Mullins v. Commonwealth, 196 Ky. 613.

Because of the last indicated error the judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.