## Pulliam v. Commonwealth.

(Decided January 26, 1923.)

### Appeal from Daviess Circuit Court.

1. Intoxicating Liquors—Warrant—Averments.—A Warrant issued by the justice of the peace in a liquor case need not be as direct and certain in its averments as good pleading requires in case of an indictment.

2. Intoxicating Liquors—Warrant—Amendment.—A warrant may be amended after the case has been appealed to the circuit court.

3. Intoxicating Liquors — Illegal Search Warrant — Evidence. — Although the evidence of a sheriff and his deputies concerning the finding of whiskey is incompetent because obtained under an illegal and insufficient search warrant, defendant may be convicted upon other evidence not so obtained.

4. Intoxicating Liquors—Reputation of Bootlegger.—It is competent for the Commonwealth to prove the general reputation of defendant for trafficking in intoxicating liquors.

AUD & HIGDON and GILBERT HOLBROOK for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assitant Attorney General, GLOVER CARY, Commonwealth Attorney, and WILBUR K. MILLER, County Attorney, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

The warrant accuses appellant Pulliam of the offense of unlawfully having in his possession intoxicating liquors, and a trial resulted in a conviction, the punishment being fixed at a fine of $100.00 and confinement in the county jail for thirty days. Being displeased with the result, Pulliam appeals.

As grounds for a reversal of the judgment appellant insists (1) that the court erred in overruling his demurrer to the warrant; (2) in overruling defendant's motion

for a peremptory instruction made at the conclusion both of the evidence for the Commonwealth and at the conclusion of all the evidence; (3) in failing to instruct the jury on the whole law of the case; (4) in permitting the Commonwealth to introduce incompetent, irrelevant and immaterial evidence over the objection of appellant, and (5) the verdict is contrary to the law and evidence.

1. The warrant upon which appellant was tried both in the justice's court and in the circuit court when the case was appealed there, is in the usual form. While it does not negative the exceptions in the statute it does allege that the possession of the liquor was unlawful and that appellant obtained it in an unlawful manner for the purpose and with the intention of using it in an unlawful manner. We have recently held, following a long line of cases—Pabst Brewing Co. v. Commonwealth, 32 R. 1011; Johnson v. Commonwealth, 197 Ky. 291—that a warrant in a case like this is not tested by the same strict rules of pleading which are generally applied to indictments originating in the circuit court. Following this rule we must hold that the warrant sufficiently charged the offense of having intoxicating liquors in possession, and the trial court did not err in overruling the demurrer to it.

2. Appellant's motion for a directed verdict in his favor was properly overruled because there was sufficient evidence, aside from the evidence given by the sheriff, introduced by the Commonwealth, not only to carry the case to the jury but to sustain the verdict. This motion was urged, no doubt, upon the theory that the evidence had been obtained through a search made under an insufficient search warrant and was therefore incompetent and should have been excluded. Two or three witnesses testified that appellant Pulliam on a certain Sunday in last August had at his home and was using for beverage purposes, a small quantity of white whiskey which was intoxicating. This evidence was not obtained by means of a search. Appellant admitted the possession of the whiskey but on cross-examination of himself testified that while he was at his barn some days previous to the day in question a person found in a manger a bottle containing whiskey and picking it up gave it to appellant, who received it and carried it to his home and placed it on the mantle; that afterwards he put some of this whiskey in a camphor bottle and used the balance of

it for beverage purposes, mixing it with water. If appellant received the whiskey in the manner set forth in his evidence, it was unlawfully in his possession. There is, therefore, no conflict in the evidence on the subject of the unlawful possession. Nor is there any controversy about the fact that appellant had in his possession white whiskey which was intoxicating on the Sunday in question. Clearly appellant was not entitled to a directed verdict in his favor.

3. We do not think the criticism of the instructions made by appellant are well founded. The first instruction directed the jury if it believed from the evidence to the exclusion of a reasonable doubt that appellant, in Daviess county, and within twelve months before the 28th of August, 1922, had in his possession whiskey for other than medicinal, scientific, mechanical or sacramental purposes, to find him guilty and fix his punishment as set out in the statutes. In addition to the foregoing instruction the trial court told the jury to find the defendant not guilty although it might believe from the evidence that he kept whiskey in his possession if it further believed that such whiskey so kept by him was lawfully acquired by him. The third instruction told the jury to find appellant not guilty if it entertained a reasonable doubt as to whether or not the defendant had in his possession whiskey for purposes other than sacramental, medicinal, scientific or mechanical; or if it believed the whiskey in appellant's possession was acquired in a lawful way and intended by appellant to be used for a lawful purpose. These instructions were much too favorable to appellant and gave to the jury every opportunity, in spite of the statutes, to find and return an unwarranted verdict of not guilty.

4. The evidence for the Commonwealth tended to show that appellant Pulliam had whiskey at his barn which was very near his house. In addition to the small amount of whiskey found at his residence, some witnesses testified that another bottle of whiskey was found on the roadside near the barn and that appellant's son and some other young men drank the whiskey in the barn on the same Sunday on which appellant was arrested. This evidence appellant now insists was incompetent against him because, he says, he did not know that his son and the other boys had found the whiskey, or that they were drinking out in the barn. In view of the fact that appellant claims to have found the whiskey in the

barn which he later had in the house, we think that it was not improper for the Commonwealth to show that other liquor was likewise found about his barn, for such a circumstance in these arid days when we may presume, we think, that but few .persons forget their flasks of spirits or leave them purposely about the premises of another without his knowledge - or consent, especially when they do not reside in that very immediate vicinity, might shed some light on the charge in the warrant. The finding of two quantities of liquor about his barn was a circumstance entirely relevant, and the court made no mistake in allowing it to go to the jury.

No part of the evidence obtained by the sheriff under and by means of the search warrant was allowed to go to the jury, for the reason that the search warant was invalid, it having been issued upon an affidavit which did not state facts sufficient in law to create in the mind of a reasonable person probable cause to believe that liquor was possessed unlawfully by appellant at the time of the issual of the warrant. The only part of the evidence of the sheriff which could have had any bearing upon the cause was that concerning the drunken condition of appellant about the time the arrest was made, near one or two o'clock the night following the Sunday mentioned in the evidence. The fact that appellant was drunk at the time he was arrested by the sheriff was not learned or obtained by reason of the search warrant and was not subject to appellant's objection on the ground that the search warrant was invalid. This testimony, however, was relevant, taken in connection with the other evidence showing that appellant on the day previous had been in possession of liquor and drinking thereof with his visitors.

It is likewise competent for the Commonwealth to prove the general reputation of appellant Pulliam for trafficking in intoxicating liquors, under our recent prohibition act 1922, section 15. Price v. Commonwealth, 195 Ky. 711; Handshoe v. Commonwealth, 195 Ky. 762; Fletcher v. Commonwealth, 196 Ky. 625.

After reviewing the record carefully, we find no error prejudicial to the substantial rights of appellant.

Judgment affirmed.