## Dennison v. Commonwealth.

(Decided March 20, 1923.)

### Appeal from Johnson Circuit Court.

Intoxicating Liquors—Evidence of Reputation as Trafficker in Liquor is Incompetent in Prosecution Under Act of 1920.—In a prosecution for unlawfully transporting intoxicating liquor, governed by the Prohibition Act of 1920, the provision of Acts 1922, c. 33, section 15, making evidence of general reputation as an unlawful trafficker in intoxicating liquors admissible in prosecutions under that act, does not apply, and the admission of such evidence is reversible error.

J. B. CLARK for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

On his trial in the court below under an indictment accusing him of the offense of unlawfully transporting intoxicating liquors, not for sacramental, medicinal, mechanical or scientific purposes, the appellant, Buck Dennison, was by verdict of the jury found guilty of the offense charged and his punishment fixed at a fine of $150.00 and imprisonment of thirty days in jail. The refusal to him of a new trial by the circuit court, resulted in his prosecution of the present appeal from the judgment entered upon the verdict. As we find it imperatively necessary to reverse the judgment on account of the improper admission against the appellant of incompetent evidence on the trial in the court below, it will be unnecessary to consider the competent evidence appearing in the record further than to say, that it was sufficient to require the submission of the case to the jury; hence the appellant's complaint of error in the trial court's overruling of his motion for a directed verdict of acquittal on the ground of a failure of evidence, cannot properly be sustained.

The evidence complained of by the appellant as incompetent is that furnished by the testimony of two or three witnesses found in the record, to the effect that the appellant's reputation was and is that of a "bootlegger," i. e., unlawful trafficker in intoxicating liquors. This evidence was objected to by the appellant before and when

admitted, and the overruling of his objections by the court excepted to by him. We recently have been compelled, time and again, to declare such evidence incompetent as against a defendant indicted for an offense committed against the prohibition enforcement statute of this state in force prior to the passage and going into effect of the act contained in chapter 33, Acts General Assembly 1922, section 15 of which makes such evidence as that in question competent. Our meaning with respect to this evidence will more clearly appear from the following excerpt quoted from the opinion in Fletcher v. Comlth., 196 Ky. 626, and repeated in Thompson v. Comlth., 197 Ky. 188:

"Such evidence would have been competent if the offense had been committed against and the appellant indicted under chapter 33, Acts 1922, section 15 of which makes this character of evidence admissible. But as the offense for which the indictment in this case was returned was one committed under and denounced by the prohibition act of 1920, which contains no provision making competent or admissible evidence like that in question, and there is no general law recognizing its competency, it clearly results that the admission of such evidence against the appellant was error of such character as necessarily prejudiced his substantial rights." The conclusion thus stated in the cases, *supra,* was also expressed in the following cases and others not herein cited: Handshoe v. Comlth., 195 Ky. 762; Davidson v. Comlth., 196 Ky. 307; Mullins v. Comlth., 196 Ky. 613.

It conclusively appears from the evidence in the case at bar that the offense for which the appellant was indicted and convicted, was committed, if at all, in November, 1921, and consequently, it occurred before the passage of chapter 33, Acts 1922, and before its provisions became effective. The offense was therefore one against the previous prohibition enforcement act of 1920, which did not recognize as competent such evidence as that of which the appellant complains. Hence, its admission must be held reversible error. Wherefore, the judgment is reversed for a new trial not inconsistent with the opinion.