## Alford v. Commonwealth.

(Decided April 17, 1923.)

### Appeal from Clark Circuit Court.

Intoxicating Liquors—Evidence of Reputation of Accused is Incompetent Where Offense was Committed Before Act of 1922 Took Effect.—In a prosecution for unlawfully selling intoxicating liquor, evidence of the reputation of accused as a seller of liquors was incompetent where the sale was alleged to have occurred before the prohibition act of 1922, which by section 15 made such evidence admissible, was in force, since the prohibition act of 1920 contained no such provision, and it was contrary to the rules of common law to permit such evidence.

RODNEY HAGGARD for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

The indictment in this case accused appellant Alford of the offense of selling intoxicating liquors to John Ringo, in October, 1921. At the trial the Commonwealth introduced the witness Ringo, who testified in substance that he bought a half-pint of whiskey from appellant Alford and paid him $1.50 therefor; this happened in the town of Winchester, county of Clark, sometime in October, 1921. Ringo was the only witness testifying for the Commonwealth who related any fact concerning the alleged sale. However, the Commonwealth called four other witnesses, including the chief of police of the city of Winchester and three deputy sheriffs of Clark county, who, over the objection of counsel for appellant, testified

that they were acquainted with the general reputation of appellant for trafficing in intoxicating liquors and that it was bad. After this evidence was introduced appellant testified in his own behalf and denied the sale of the liquor to the witness Ringo. The jury found him guilty and fixed his punishment at a fine and confinement in the county jail for a period of sixty days; judgment being entered upon this verdict, Alford appeals.

This prosecution is under the prohibition act of 1920, and not under the Act of 1922. Under the Act of 1922, subsection 15, the general reputation of a defendant for "bootlegging or being engaged in the illicit manufacture of or trade in, intoxicating liquors," is admissible as evidence in chief against the accused. The prohibition act of 1920 contained no such provision. As there was no statute in 1921 making such evidence competent in chief against a defendant and as it was contrary to the rules of the common law to admit such evidence, the general reputation of appellant for bootlegging was incompetent against him upon the trial of this case, the sale being charged and proven to have taken place in October, 1921, while the prohibition act of 1920 was in force, and before the present prohibition act, commonly called the Act of 1922 became effective. Mullins v. Commonwealth, 196 Ky. 613; Price v. Commonwealth, 195 Ky. 711; Handshoe v. Commonwealth, 195 Ky. 762; Fletcher v. Commonwealth, 196 Ky. 625; Thompson v. Commonwealth, 197 Ky. 188; Keith v. Commonwealth, 197 Ky. 362; Pulliam v. Commonwealth, 197 Ky. 410.

The evidence of bad character was not only incompetent but highly prejudicial to the substantial rights of appellant.

For this reason the judgment must be reversed for a new trial.

Judgment reversed.