## Smith v. Commonwealth.

(Decided April 20, 1923.)

### Appeal from Mason Circuit Court.

1.  Intoxicating Liquors—Police Court Warrant Held Sufficient to Charge Unlawful Sale.—A police court warrant charging the unlawful sale of intoxicating liquors, which is in the usual form issued in such cases and follows in substance the form laid down in Criminal Code of Practice (Carroll's 1919), p. 994, is sufficient.

2.  Criminal Law—Police Court Warrant not Tested by Strict Rules.—A police court warrant is not tested by the same strict rules of pleading by which an indictment is measured.

3.  Criminal Law—Defective Police Court Warrant May be Amended in Appellate Court.—If a police court warrant is defective, it may be amended in the court to which the case is appealed.

4.  Intoxicating Liquors—Evidence Held to Sustain Conviction for Unlawful Sale.—Evidence by a witness for the prosecution that defendant sold witness a half pint of moonshine whiskey, corroborated by a policeman who watched the men and who took the

whiskey from the witness and thereupon arrested defendant, held sufficient to support a verdict of guilty of unlawful sale.

M. J. HENNESSEY for appellant.

CHAS. I. DAWSON, Attorney General, THOS B. McGREGOR, Assistant Attorney General, and H. W. COLE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant Smith complains of a judgment of conviction entered against him on the charge of selling intoxicating liquors to another, and which fixed his punishment at a fine of $300.00 and a jail sentence of thirty days at hard labor, and he appeals to this court asking a reversal.

The prosecution originated in the police court in the city of Maysville. From a judgment of conviction in that court Smith appealed to the Mason circuit court, where he was again tried with the results above stated. Appellant says that the warrant upon which he was tried and convicted was defective and that the demurrer which he filed to it should have been sustained by the trial court but instead was overruled. The warrant is in the usual form and substance generally issued by magistrates in such cases. In fact it follows in substance the form laid down in the Criminal Code, page 994. It was sufficient to inform appellant of the nature and character of the charge against him. A warrant is not tested by the same strict rules of pleading by which an indictment is measured. If defective it may be amended in the court to which the case is appealed. Pulliam v. Commonwealth, 197 Ky. 410; Johnson v. Commonwealth, 197 Ky. 291.

The evidence shows that on October 20, 1922, appellant Smith was met by the witness Wells who asked him if he could get some whiskey; that the two went into a house on Front street in Maysville, and appellant handed to the witness a half-pint of moonshine whiskey for which the witness paid him $1.50. As the witness came out of the house a policeman named Stewart who was watching the men, came up to the witness and asked for the bottle of whiskey which the witness took from his pocket and gave to the policeman; the policeman then arrested appellant for the sale. Wells testified to these facts as did also the policeman. The appellant did not testify nor offer any evidence. Upon the evidence of the Commonwealth the

jury found, appellant guilty, and we are unable to see upon what grounds appellant can reasonably insist that the evidence was not sufficient to carry the case to the jury and to support the verdict.

Judgment affirmed.