### Mattingly v. Commonwealth.

(Decided June 12, 1923.)

### Appeal from Union Circuit Court.

1. Criminal Law—Circumstances to be Considered by Jury in Weighing Conflicting Testimony Stated.—Where the evidence in a criminal prosecution is conflicting, it is the right and duty of the jury to weigh it all and consider, not only what was actually said by the witnesses, but also the demeanor of each witness while testifying, the interest of any of them in the result of the trial, their relationship to accused or to the prosecuting witness, and all the circumstances attending the transaction constituting the alleged offense.

2. Intoxicating Liquors—Conviction for Unlawful Transportation Held Not Flagrantly Against the Evidence.—A conviction for un-

lawful transportation of intoxicating liquor held not flagrantly against the evidence, though supported by the testimony of only one witness, a garage keeper, who found several jugs of liquor in defendant's automobile and whose testimony was contradicted by several witnesses who were related to accused.

3. Criminal Law—Jury Need Not Give Verdict for Side Producing Most Witnesses.—It is not the law that a jury must give its verdict in favor of the party in whose behalf the larger number of witnesses may testify, but it may believe a single witness for the prosecution as against five opposing witnesses for the defense.

4. Criminal Law—Witness Who Smelled Liquor in Jug can Testify it was Moonshine Whiskey.—A witness who smelled of the liquor in a jug which he found in defendant's automobile can testify that it was white mule, or moonshine whiskey, which has an odor peculiarly its own.

5. Intoxicating Liquors—Bailee of Automobile can Search it Without a Warrant.—Where an automobile was stored by accused with a garage keeper who became a bailee of the car, the latter had the right to inspect the car and contents if deemed necessary to do so in order to provide for its safekeeping, and if he suspected it contained intoxicating liquor he had a right to investigate so as to protect himself against prosecution for knowingly aiding the violation of the law, and therefore he could search the automobile while it was in his possession without procuring a search warrant.

6. Criminal Law—Record Held Not to Show Conviction for Unlawful Transportation was Result of Passion or Prejudice.—A conviction for unlawful transportation of intoxicating liquor in which the imprisonment was the minimum permitted by the statute was not shown to be the result of passion and prejudice merely because only one witness testified for the prosecution, while five witnesses testified for the defense, there being no other circumstances appearing in the record to indicate passion or prejudice.

TRUMAN DRURY and F. J. PENTECOST for appellant.

CHAS. I. DAWSON, Attorney General, and THOS B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, J. A. Mattingly, complaining of his conviction in the court below of the offense of unlawfully transporting spirituous liquors, charged by indictment, and of that court's refusal to grant him a new trial, prosecutes this appeal from its judgment.

The verdict of the jury finding him guilty fixed his punishment at a fine of $300.00 and imprisonment of thirty days in jail. The grounds urged by the appellant for the reversal of the judgment are, First: That the verdict is unsupported by and flagrantly against the

evidence and appears to have been the result of passion or prejudice on the part of the jury. Second: That the trial court erred in refusing, as requested by the appellant at the conclusion of the Commonwealth's evidence, and again at the conclusion of all the evidence, to peremptorily instruct the jury to return a verdict finding him not guilty of the offense charged. The evidence introduced in behalf of the Commonwealth came from a single witness, one Adley Cullen, the lessee or operator of a garage in Morganfield, which is owned or previously had been conducted by McCauly Bros. and Long. According to the testimony of Cullen the appellant, whom he had known several years, on a Saturday evening near the end of March or early in April, 1922, drove his automobile, a Ford car, to the Morganfield garage, of which the witness was in charge. The appellant had with him in the car one of his brothers, whom the witness took to be Bob Mattingly, whose death occurred, however, before the appellant's trial. When they arrived at the garage, which was about dark and after the city lights had been turned on, the appellant inquired for McCauly, and upon bieng told that he was not at the garage, he and his brother left but in a few minutes returned, when appellant again asked for McCauly, and upon learning of the continued absence of the latter, ran his car into the garage, where it remained in charge of the witness Cullen until finally removed by the owner about an hour later.

Cullen further testified that the conduct of the appellant, together with the unusual time of his arrival in Morganfield, so aroused his suspicion in regard to the nature of the latter's business that in order to confirm or remove the suspicion, he resolved to take a look in his car to ascertain what, if anything, it contained. So, in the absence of the appellant and his brother, he went to the Ford car in the garage, raised the hood of the receptacle in the rear end thereof used for storing and carrying baggage and other personal effects, and found therein four large stone jugs of the capacity of four or five gallons each and by lifting one of these jugs and removing the stopper therefrom, and smelling the contents he discovered that it contained "white mule," otherwise more commonly known as "moonshine" whiskey. Cullen did not claim to have examined any of the other jugs he found in the appellant's car, nor did he reveal to the appellant his discovery of the jugs when he returned for the car.

He seems, however, to have told others of the discovery, through whom it doubtless got to the grand jury, as he was subsequently summoned before it as a witness and then gave the testimony upon which that body found and returned against the appellant the indictment under which his conviction in this case resulted.

The appellant, testifying in his own behalf, denied that he knew Cullen was in charge of the garage in question* until after his (appellant's) indictment, when he visited him there to learn what he had to say about the matter. He also denied that he was at the garage in a Ford car containing four jugs or any quantity of "white mule" whiskey at the time stated by Cullen, or when accompanied by his brother Bob Mattingly; or that he left the Ford car and "white mule" whiskey in the garage, or later drove the car away from the garage with the whiskey in it. He admitted his ownership of a Ford car at the time in question, but claimed that in January previously, owing to the burning of some of its wiring, the condition of the car became such that it could not be operated; and that about March 20th he caused it to be removed to a garage conducted by his brother in the city of Henderson for the purpose of having it repaired, where it remained, as he further claimed, until about the last of April, when it was returned to him in good repair and fit for use.

In support of his statement that he was not accompanied to Cullen's garage in an automobile by his brother, Bob Mattingly, the appellant testified that the latter was afflicted with cancer of the stomach by which he was confined to his bed or home from some time in January, 1922, until his death of the disease, which occurred July 10th of the same year. Apparent corroboration of the appellant's testimony in respect to the time his Ford car was not in condition for use, and of its stay in his brother's Henderson garage; and also of his testimony in respect to the character of Bob Mattingly's illness, its duration and his death, was furnished by the testimony of the appellant's father, mother, brother and sister-in-law, the widow of Bob Mattingly, all introduced as witnesses in his behalf.

The conflicting character of the evidence is patent from the foregoing synopsis of its material parts, but it was the right and duty of the jury to weigh it all and consider not only what was actually said by the witnesses in

testifying, but also the demeanor of each witness while doing so, the interest of any of them in the result of the trial, their relationship to the appellant or prosecuting witness, and all the circumstances attending the transaction constituting the alleged offense under investigation. The jury doubtless arrived at their verdict by considering all the evidence in the manner we have indicated it was their privilege and duty to weigh it; and as it is not disclosed by the record that they did not do so and there was evidence to support the verdict, no reason is apparent for our sustaining the appellant's contention that the refusal of the court below to grant the appellant a new trial on the ground that the verdict was flagrantly against the evidence, was error.

The character of the verdict returned convincingly shows the jury's acceptance of the testimony of Cullen in preference to that of the appellant and his witnesses as to the truth of the transaction under investigation, and this it was their right to do. No motive was shown for the giving of false testimony by Cullen against the appellant. He bore him no ill-will and a pleasant acquaintanceship seemed to have existed between them for several years, at some time during which the appellant had purchased of Cullen, as testified by Cullen, the Ford car in which he drove to the latter's garage with the jugs of whiskey on the occasion in question; and while the appellant's testimony was in conflict with that of Cullen as to his going in his Ford car containing jugs of whiskey to Cullen's garage, none of the several witnesses introduced in his behalf claimed to have been present, or gave any support to his denial of what Cullen testified there occurred. It is not the law that a jury must give its verdict in favor of the party in whose behalf the larger number of witnesses may testify. On the contrary, it is within the province of the jury to believe a single witness as against five opposing witnesses, as was done in this criminal prosecution against appellant; and in such state of case disturbance of the verdict by the trial or appellate court, merely because of the contradictory character of the evidence furnished by the single witness and greater number of opposing witnesses, would amount to an invasion of the province of the jury, which is not permitted by the rules of practice and procedure obtaining in this jurisdiction. Dennison v. Comlth., 198 Ky. 374; Kennedy, etc. v. Comlth., 194 Ky. 502; Hutch-

craft v. Comlth., 195 Ky. 591; Cloninger v. Comlth., 191 Ky. 841.

It is insisted for the appellant that the examination claimed to have been made by the witness Cullen of the single jug inspected by him was insufficient to enable him to know that it contained "white mule" whiskey; and that there are many liquids that have an odor akin to whiskey which he might and must have mistaken for it. As Cullen testified that he lifted the jug, removed the stopper and smelled the contents, it is not likely that he made a mistake in pronouncing it "white mule" or moonshine whiskey, which has an odor peculiarly its own. Obviously, the question as to whether he properly named the contents of the jug was one to be determined by the jury from the evidence.

The question of illegal search or seizure is not urged by the appellant's counsel; nor is there, indeed, any ground for raising it if the liquor was discovered in the appellant's car as testified by Cullen. The latter was not an officer seeking to detect the appellant in a violation of the law, nor to apprehend him for the commission of an offense against the law. He was, however, a bailee of the appellant's car and its contents and by reason thereof its custodian and charged with the safekeeping of both car and contents while they remained in his garage, which gave him authority to inspect the car or contents, if by him as its custodian deemed necessary. Moreover, if Cullen had reason to suspect that the car left in his garage by appellant contained intoxicating liquor, the latter unlawfully had in his possession or was unlawfully transporting, he had the right in order to protect himself from prosecution for knowingly aiding in such violation of the law by the appellant, to examine the latter's car while in his (Cullen's) garage and custody for the purpose of ascertaining whether it contained such liquor; and this he could do without the assistance of an officer or the possession by the latter of a search warrant.

Not only does the record in our opinion fail to sustain the appellant's contention that the verdict is unsupported by or flagrantly against the evidence, but it in even a greater degree fails to sustain his further contention that it resulted from passion or prejudice on the part of the jury. It is sufficient to say that not an earmark indicative of such passion or prejudice is apparent from

anything shown by the record to have occurred on the trial; and the fact that the punishment by way of jail imprisonment inflicted upon the appellant by the verdict was the lowest imprisonment for the offense allowed by the statute, demonstrates the absence either of passion or prejudice on the part of the jury.

It follows from the conclusions expressed, that the trial court did not err in refusing to direct, by an instruction to that effect, a verdict of acquittal as requested by the appellant. It is a well recognized rule of law in this jurisdiction that a directed verdict of acquittal is not authorized in a criminal or penal prosecution where there is any evidence, however slight, conducing to prove the defendant guilty of the offense charged. Gordon v. Comlth., 136 Ky. 508; Comlth., v. Little, 140 Ky. 550. And as by the instructions given the jury were properly advised of the law of the case and the record is wholly free of prejudicial error, the judgment is affirmed.