## Baker v. Commonwealth.

(Decided September 28, 1923.)

### Appeal from McCracken Circuit Court.

1. Criminal Law—Defective Warrant May be Amended in Circuit Court Upon Appeal.—A defective warrant may be amended in the circuit court upon an appeal from an inferior court.
2. Criminal Law—Verdict Based on Minority of Witnesses not Disturbed.—The credibility of witnesses is for the jury, and the verdict of a jury will not be disturbed simply because it is supported by one witness for the Commonwealth as against three witnesses for the accused, though the witness for the Commonwealth is a negro.

MOCQUOT, BERRY & REED for appellant.

THOS. B. McGREGOR, Attorney General, EDWARD L. ALLEN, Assistant Attorney General, J. E. FISHER and F. E. GRAVES for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant, charged by warrant with unlawfully selling liquor, was convicted first in the quarterly court, and then upon his appeal to the circuit court. For reversal of the latter judgment, he argues that the court erred in permitting the warrant to be amended in the circuit court, and that the verdict is flagrantly against the evidence.

The first contention is wholly without merit, since we repeatedly have held that a defective warrant may be amended in the circuit court upon trial of an appeal from an inferior court, just as was done here. Johnson v. Commonwealth, 197 Ky. 291, 246 S. W. 798; Pulliam v. Commonwealth, 197 Ky. 410, 247 S. W. 366; Smith v. Commonwealth, 198 Ky. 718, 249 S. W. 1043; Walters v. Commonwealth, 199 Ky. 182, 250 S. W. 839.

For the plaintiff one witness, a negro, testified that on a given date he purchased of defendant one half pint of whiskey, paying $1.25 therefor; and several witnesses testified that defendant's reputation as a bootlegger was bad. The defendant denied the sale, as did two witnesses who testified that they were present when the sale was alleged to have been made.

It is argued that the jury was necessarily influenced by prejudice or bias in accepting the testimony of a single negro rather than that of the three white witnesses for the defense, but to this we cannot agree. The credibility of witnesses is for the jury, and we uniformly have held that a verdict of a properly instructed jury, especially in a criminal case, will not be disturbed simply because it is supported by a minority rather than a majority of witnesses. In Mattingly v. Commonwealth, 199 Ky. 727, 251 S. W. 953, this rule was adhered to, although the jury accepted as true the testimony of a single witness for the Commonwealth, despite its denial by five witnesses for the defendant, and, manifestly, the color of the witnesses cannot alter the rule.

Judgment affirmed.