## Peace v. Commonwealth.

(Decided January 30, 1925.)

### Appeal from Whitley Circuit Court.

1. Intoxicating Liquors—Proof that Defendant's Reputation with Reference to Illegal Trafficking in Liquor was Bad Held Inadmissible.—In prosecution for owning a moonshine still, admission of proof that defendant's reputation with reference to illegal trafficking in liquor was bad was erroneous, where act was committed prior to passage of Acts 1922, c. 33, authorizing proof of such reputation.

2. Intoxicating Liquors—Act Authorizing Proof of Defendant's Reputation for Illegal Trafficking in Liquor Held Not Retroactive. —Acts 1922, c. 33, authorizing proof of defendant's reputation for illegal trafficking in liquor, is not retroactive, and reputation of defendant with reference to an act previously committed is inadmissible.

3. Intoxicating Liquors—Conviction Not Sustained, where no Proof that Defendant Owned Still After Loaning a Worm.—Conviction for owning a moonshine still within twelve months before indictment would not be sustained, even though loan by defendant of a worm for a moonshine still was some evidence of ownership by him at the time where loan was more than twelve months before date of indictment, and there was no proof of any such ownership by him at any later date.

W. B. EARLY and W. R. HENRY for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellant was convicted of owning a moonshine still within twelve months next before September 28, 1922, the date of the indictment.

To sustain the charge, the Commonwealth proved that in the latter part of July or the first of August, 1921, he loaned to the prosecuting witness, Wes Reynolds, a worm for a still, and that a 35-year-old son of the defendant came to the home of the witness and got this worm when the latter was shucking corn. This is the substance of the evidence for the Commonwealth, except proof that the defendant's reputation with reference to illegal trafficking in liquor was bad.

The act under which appellant was indicted, and which authorized proof of his reputation, was enacted at the 1922 session of the legislature, and did not become

effective until the latter part of March, 1922. We uniformly have held that this act is not retroactive, and that the reputation of the defendant with reference to an act previously committed is inadmissible. Handshoe v. Commonwealth, 195 Ky. 762, 243 S. W. 1024; Mullins v. Commonwealth, 196 Ky. 613, 245 S. W. 278; Alford v. Commonwealth, 197 Ky. 225, 226 S. W. 441; Same v. Same, 198 Ky. 666, 249 S. W. 785.

Counsel for the Commonwealth admit that if these cases are permitted to stand, the admission of the proof of defendant's reputation was erroneous, and ask that they be overruled. The argument, however, in this behalf is not convincing, and we are of the opinion that the above cases should not be overruled.

Hence for this error the judgment must be reversed.

We are also of the opinion that the court erred in refusing to sustain appellant's motion for a directed verdict, since even conceding that the loaning by defendant of a worm for a moonshine still was some evidence of ownership by him at the time, which was more than twelve months before the date of the indictment, there is no proof whatever of any such ownership by him at any later date.

Wherefore the judgment is reversed, and the cause remanded for another trial consistent herewith.