## Hicks v. Commonwealth.

(Decided April 20, 1926.)

Appeal from Boyd Circuit Court.

1. Intoxicating Liquors—Evidence Held Sufficient to Support Conviction for Manufacturing Liquor, Though Prosecuting Witness was Impeached.—Evidence held sufficient to support conviction for manufacturing intoxicating liquor, though prosecuting witness, who said he saw accused and others make whiskey, was impeached both directly and by inconsistent statements.

2. Criminal Law.—Credibility of witness is for jury, and its finding will not be disturbed, unless flagrantly against evidence.

3. Criminal Law—Claim that Accused was Prejudiced by Instruction Given Grand Jury in Presence of Trial Jury, which First Appeared in Motion for New Trial, Will Not be Considered on Appeal.—

Claim by accused that he was prejudiced by instruction given to grand jury in presence of jury that tried him will not be considered on appeal, where it was not brought to attention of trial court, but appeared first in motion and grounds for new trial.

JOHN W. McKENZIE for appellant.

WATT M. PRICHARD, FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment convicting appellant of manufacturing intoxicating liquor, and fixing his punishment at a fine of $500.00 and six months in jail.

That the verdict is not sustained by the evidence is the principal ground urged for reversal. Though this was denied by appellant, the prosecuting witness, Elba Roberts, a young man 19 years of age, testified that within twelve months before the finding of the indictment he went to a place in "Prichard holler" and there saw appellant and two other men engaged in making moonshine whiskey. It is true that Roberts admitted that for the last three years he had done nothing but loaf around moonshine stills and drink whiskey, that he was impeached by inconsistent statements and by evidence of one witness that his reputation for truth and veracity was bad, and that it was shown without objection that he too was under indictment for possessing a still in Prichard hollow, and that after he was indicted he went before the grand jury and caused the indictment against appellant to be returned; but these were circumstances affecting his credibility, and no rule is better settled than that the credibility of a witness is for the jury, and its finding will not be disturbed unless flagrantly against the evidence, a state of case not here presented. Smith v. Commonwealth, 204 Ky. 435, 264 S. W. 1059.

The further point is made that appellant was prejudiced by instructions which the court gave to the grand jury in the presence of the jury that tried him. We need go no further than say that, as this matter was never brought to the attention of the trial court, but appears for the first time in the motion and grounds for a new trial, it will not be considered on appeal. Finney and Turpin v. Commonwealth, 190 Ky. 536, 227 S. W. 999.

Judgment affirmed.