## Foley v. Commonwealth

(Decided October 2, 1931.)

O. M. GOFF, WILLIS STATON and ROSCOE VANOVER, Jr., for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, Joe Foley, was convicted of the crime of manslaughter and his punishment fixed at confinement in the penitentiary for a period of twenty-one years. He seeks a reversal of the judgment on two grounds: (1) The evidence was not sufficient to sustain the verdict; and (2) the court failed to instruct the jury on the whole law of the case.

Appellant was jointly indicted with John Foley, Odis Foley, Everett Thompson, and Everett Scalf for the willful murder of Crit Tackett, a deputy sheriff of Pike county. On the day Tackett was killed, which was on Sunday, February 25, 1930, appellant and his four companions went in an automobile from Robinson creek in Pike county to the city of Pikeville, and during the afternoon drove about Pikeville and vicinity. They purchased and drank two pints of moonshine whisky. They returned to Robinson creek after dark and parked their auto-

mobile off the traveled portion of the road. Scalf got out of the automobile for the purpose of putting water in the radiator. While he was unscrewing the cap of the radiator, the decedent, Crit Tackett, and John Branham, who was also a deputy sheriff, drove up and parked their automobile in front of appellant's automobile. Tackett and Branham were returning to their homes on Robinson creek from Pikeville, where they had gone to deliver a prisoner to the county jailer. Branham testified that he and Tackett stopped to offer assistance to the occupants of the automobile which was parked on the side of the road. He and Tackett got out of the automobile and approached Scalf and asked him if they had a flat tire and if they needed help. Scalf replied in the negative, but Branham then observed that Scalf was drunk. Scalf walked back to the side of the car, picked up something from the running board, and holding it behind his back approached Branham and Tackett. Branham became alarmed, drew his pistol and ordered Scalf to drop his weapon, whereupon he dropped a blackjack. Branham then went to one side of the automobile and Tackett went to the other. Two men were in the front seat and two were lying in the back seat. One of them asked Tackett who he was, and he informed him that he was Crit Tackett, deputy sheriff. As soon as he said this appellant shot him.

Appellant testified that Tackett and Branham approached his automobile with their pistols drawn and, without stating who they were, began firing into the automobile and that he fired in self-defense. He was corroborated by his four companions. Madison Harris testified that earlier in the day he met appellant and his companions and they asked him where they could find some liquor. He told them they could find it at the head of Abner fork, and appellant asked him if there were any officers there, and Harris informed him there were none on Abner fork but that Deputy Sheriffs Crit Tackett and John Branham were on Indian creek. Appellant then said he had protection and exhibited a gun.

John Moore and Marvin Williamson, deputy sheriffs, arrested appellant and his companions within an hour after the shooting and within a mile of the scene of the tragedy. They testified that appellant was drunk, and that he and his four companions denied any knowl-

edge of the shooting but claimed their wounds resulted from the wreck of their automobile.

While the evidence as to what occurred at the time of the shooting is conflicting, there was sufficient evidence to sustain the verdict of the jury. It was merely a question of the credibility of the witnesses and the jury believed the witness for the commonwealth. If Branham's testimony is true, the verdict returned is fully authorized. While appellant and his four companions testified to a state of facts that would authorize an acquittal, it was within the province of the jury to believe Branham as against appellant and his companions. It has been held in a number of cases that the testimony of a single witness is sufficient to sustain the verdict of the jury though a number of witnesses may have testified to a contrary state of facts. Mattingly v. Commonwealth, 199 Ky. 724, 251 S. W. 953; Lambkin v. Commonwealth, 195 Ky. 87, 241 S. W. 842; Stewart y. Commonwealth, 225 Ky. 731, 9 S. W. (2d) 1087.

In support of his contention that the court did not give the whole law of the case in his instructions to the jury, it is urged that the court should have instructed the jury on the right of the appellant and his companions to defend themselves from the assault of Branham and Tackett if they did not know they were officers. The court gave the usual and customary instruction on self-defense and the defense of others. Appellant's right of self-defense was not qualified in any respect. Under this instruction the jury, if it believed appellant's testimony, was authorized to return a verdict of acquittal. Had the officers been attempting to arrest appellant and his companions and appellant had been aware of the official character in which they were acting, the killing would have been murder if not done in self-defense.

There is authority to the effect that if the person doing the killing is not aware of the official character in which the person killed is acting, the offense is voluntary manslaughter. Mockabee v. Commonwealth, 78 Ky. 380. Even had appellant been entitled to an instruction pointing out this distinction, he was not prejudiced by the failure of the court to give it, since he was only found guilty of voluntary manslaughter.

We find no errors prejudicial to appellant's substantial rights, and the judgment is affirmed.