## Alsept et al. v. Commonwealth.

(Decided October 6, 1931.)

F. T. ALLEN and LEEBERN ALLEN, and E. B. ARNETT and M. F. PATRICK for appellant.

J. W. CAMMACK, Attorney General, and S. B. KIRBY for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Johnnie Alsept and Ed Roark were convicted of arson in the Magoffin circuit court and their punishment fixed at confinement in the penitentiary for three years.

On this appeal they are urging as grounds for reversal: (a) That the verdict is not supported by sufficient evidence and is a result of passion and prejudice on the part of the jury. (b) Misconduct of the commonwealth attorney in the argument of the case before the jury.

A vacant dwelling on lands belonging to Ollie Adams and Irvin Burton burned on the morning of November 21, 1930. The fire was discovered by neighbors shortly

before daylight. A number of persons went to the scene of the fire, but, according to the evidence, none of them went into the yard, as Adams had sent for bloodhounds and had requested that no one go on the ground immediately surrounding the house until the dogs arrived.

B. G. Mulligan, owner of the bloodhounds, arrived with them between 2 and 2:30 the following afternoon. He took the dogs into the yard, where, according to his evidence and corroborated by other witnesses, they took the trail and followed it out through the gate into the road. They continued along the road for about a mile in the direction of the home of appellant Alsept. At this point one of the dogs attempted to turn off to the right through a field, but on being brought back, followed the other dog to the door of Alsept's home. They were then returned to the point from which the trail seemed to diverge, and both picking up the trail through the field followed it to Roark's home.

The evidence for the commonwealth indicates that appellants were at the home of Less Higgins between 1 and 2 in the morning and later were at the home of Bud Risner. They claimed to be possum hunting. Bud Risner and Nellie Risner, his daughter, testified that while appellants were at their home, Alsept, in the presence of Roark, asked as to whether Adams and Burton had their house insured and further stated that "it ought to be melted down."

A number of witnesses testified to having seen tracks leading from Risner's home, down the branch to the scene of the fire, and similar tracks were found in the yard and in the road following the direction which the dogs trailed. After the fire, neither of the appellants were seen by neighbors but once until their arrest in Breathitt county some 30 days later, although they testified that they were hunting and trapping in that community. Roark admitted that he knew a warrant had been issued for their arrest. He gave as an excuse for evading the officers that he did not want the Stacey boys to get the reward which had been offered. Appellants admitted that they were at Risner's home, but denied that they had asked about the insurance on the house or had stated that it ought to be melted down. They also denied that they had any part in the burning of the house, and both testified that after leaving the home of Roark, they went across the hill directly to their own

homes and did not pass near the house of Adams and Burton.

On cross-examination, Bud Risner admitted that he sent word to appellants that if they would give him $100 he would leave and not testify against them. He gave as his reason for this statement that he was approached and asked not to testify as to what he knew against appellants; that he refused to swear falsely, but agreed not to testify at all if they would give him the sum indicated.

Under the rule laid down in Meyers v. Commonwealth, 194 Ky. 523, 240 S. W. 71, the testimony of B. G. Mulligan as to the blood strain, experience, and training of his dogs rendered his evidence as to what they did on this occasion admissible. This evidence coupled with evidence of statements made by Alsept at Risner's home, the tracks leading from there to the scene of the fire, the fact that the house was discovered burning a short time after appellants left Risner's, and the evidence of the subsequent conduct of appellants is sufficient to support the verdict of the jury.

A verdict based on circumstantial evidence will not be reversed unless it is palpably against the evidence. Minniard v. Commonwealth, 158 Ky. 210, 164 S. W. 804; Alder v. Commonwealth, 215 Ky. 613, 286 S. W. 696. The credibility of witnesses is for the jury. Baker v. Commonwealth, 200 Ky. 294, 254 S. W. 887; Hicks v. Commonwealth, 214 Ky. 86, 282 S. W. 777. Where, as in this case, there is a conflict in evidence, the jury may believe the testimony of one set of witnesses and reject that of another. Stewart v. Commonwealth, 225 Ky. 731, 9 S. W. (2d) 1087; Fannin v. Commonwealth, 200 Ky. 635, 255 S. W. 514.

This court is not authorized to disturb a verdict against the weight of evidence unless it is so flagrantly against the evidence as to shock the conscience and clearly indicate that it is the result of passion and prejudice on the part of the jury. Jennings v. Commonwealth, 235 Ky. 391, 31 S. W. (2d) 622; Oldham v. Commonwealth, 228 Ky. 307, 14 S. W. (2d) 1065.

The alleged misconduct of the commonwealth attorney related to certain statements made by him in his argument to the jury. This is set out in the motion and grounds for new trial, wherein it is said: "The statements were objected to at the time." But nothing whatever is said as to the court's ruling or action upon

the objections, and we find upon an examination of the bill of exceptions that no reference therein is made to the alleged misconduct of the prosecuting attorney. Error based on alleged improper conduct of the commonwealth attorney in arguing before the jury must be shown by a bill of exceptions and not by motion and ground for new trial or affidavits in support thereof. Bibb v. Commonwealth, 112 S. W. 401, 33 Ky. Law Rep. 726. Even if the alleged misconduct of the commonwealth attorney had been shown by the bill of exceptions, it could not be said that it was such an error as would be prejudicial to appellants' substantial rights.

Finding no error in the record, the judgment is affirmed.