## Lee v. Commonwealth.

November 22, 1949.

Elmer C. Roberts for appellant.

A. E. Funk, Attorney General, Zeb A. Stewart, Assistant Attorney General, for appellee.

VAN SANT, COMMISSIONER—Affirming.

The evidence on the second trial, at the conclusion of which the judgment herein appealed from was entered, substantially conforms to that set out in the opinion in the first appeal, Lee v. Commonwealth, 305 Ky.

734, 205 S. W. 2d 509. As explained in that opinion, the judgment was reversed because the court failed to extend appellant's right of self defense against impending danger to his life or limb at the hands of Clarence Angel, the stepson of the deceased, as well as the deceased. On the second trial, the court instructed the jury as follows: "If the jury believe from the evidence that at the time he shot and killed Ballard, if he did so, the defendant believed that he was then and there in immediate danger of death or great bodily harm at the hands of Ballard or Clarence Angel either or both, and that it reasonably appeared to him to be necessary to so shoot said Ballard in order to protect himself from such danger either real or to him the defendant apparent, then the jury will find the defendant not guilty on the grounds of self defense or apparent necessity."

Appellant contends that this instruction does not properly embrace the law applicable to the case as determined on the first appeal, in that it fails to instruct the jury that the defendant had the right to use such means as were necessary, or reasonably appeared to him to be necessary, to avert impending danger, real or apparent, to him at the time he shot and killed Ballard. We cannot agree with this contention, although the form suggested by appellant would have been proper and heretofore has been approved by this Court. Section 900 of Stanley's Instructions to Juries. The only means appellant used to avert the alleged impending danger was shooting and killing Ballard; therefore, it was not error for the court to describe the means actually used by appellant in lieu of defining his rights in more general terms.

The next ground suggested for reversal is that the court erred in instructing the jury on voluntary manslaughter. That was the first ground urged on the first appeal and was rejected for the reasons stated in that opinion; and, since the evidence was substantially the same on the second trial, that opinion is the law of the case. But if the law of the case rule were not applicable, we would be constrained to adhere to the reasoning of the former opinion and hold that the evidence of an altercation authorized the giving of an instruction on voluntary manslaughter.

The third contention is that the county attorney, who argued the case for the Commonwealth, erroneously, and to appellant's prejudice, made statements concerning his personal investigation of the crime and the feelings and beliefs of various citizens as to the guilt of appellant. We cannot take cognizance of this complaint because it has not properly been certified in the bill of exceptions. It was set out as a ground for new trial, and the motion and grounds for a new trial was made part of the bill of exceptions, but the certification of the bill of exceptions merely shows us that this was one of the grounds for a new trial. It is not a certification to us that the matter relied on for a new trial actually occurred on the trial. Section 282, Criminal Code of Practice, Alsept et al. v. Commonwealth, 240 Ky. 395, 42 S. W. 2d 517, 518. We often have condemned similar arguments, and if, in due form, it had been made to appear that such an argument was made, we would have no hesitancy in reversing the judgment; but in the condition of the record, we are unable to pass on the question.

Finally, appellant contends that the form of the verdict is not sufficient to support the judgment. This objection was not made in the motion and grounds for a new trial, for which reason we are without power to consider it on appeal. Section 274, Criminal Code of Practice; Manning v. Commonwealth, 281 Ky. 453, 136 S. W. 2d 28, 31.

The judgment is affirmed.