## Booker v. Commonwealth.

December 6, 1949.

Rehearing denied May 2, 1950.

Wm. J. Baxter, Judge.

E. Selby Wiggins for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

VAN SANT, COMMISSIONER—Affirming.

Two grounds are urged for reversal of the judgment convicting appellant of grand larceny and fixing his punishment at confinement in the penitentiary for a period of two years. The first is that the court erred in admitting in evidence the alleged confession of appellant. The second is that the court erred in not granting a new trial because of improper and inflammatory remarks made by the Commonwealth's attorney in his argument of the case before the jury.

On the night of January 1, 1949, a smokehouse belonging to William A. Abney in Madison County was broken into and six shoulders and four hams valued from $75.00 to $100.00 were stolen therefrom. The only evidence connecting appellant with the crime is the confession he made to the officers shortly after his arrest in Fayette County. The confession was objected to, and the jury not being present, the court heard evidence on the circumstances under which the confession was made. The only evidence introduced was that of Officers Davis and Scarbrough and Mr. Abney, the owner of the hams. They testified in substance that after the arrest was made appellant was delivered to officers Davis and Scar-

brough. Thereupon the prisoner, the officers, and Mr. Abney together commenced their journey to Richmond in an automobile. When they were two or three blocks from the police station, the prisoner asked Officer Davis the nature of the crime with the commission of which he was charged in the warrant of arrest. He was told that the charge was grand larceny. The prisoner then asked for an explanation of grand larceny. He was told that it was the taking or stealing of something of a greater value than $20.00, and that the property in this instance was hams and shoulders. Officer Davis said to the defendant, "Frank, seems you can't do these things and get by." The defendant then asked, "How do you know I did that?" The witness then asked, "Well, what about it," The prisoner then replied, "I pulled the deal by myself." The officer asked him what he did with the meat, and he said he didn't know but his wife called some man in Ashland and told him to come and get it. The prisoner then asked the officer how they got the information upon which to base the warrant. The officer replied that they received a letter which he had in his pocket at the time. The prisoner asked to see it, and upon reading the letter remarked, "Oh my gosh, I know who did it, my wife wrote it." The officer then asked, "How do you know she wrote it?" The prisoner replied, "There is a stamp on it that I had, she told me ten days ago she was going to turn me up." The stamp referred to was an air mail stamp. The witnesses further testified that no threat or promise was made to induce the confession. Appellant did not testify or introduce any evidence to contradict the testimony of the witnesses introduced by the Commonwealth in the court's investigation concerning admissibility of the confession.

At the time the confession was made, appellant was handcuffed and riding in the front seat by the side of Officer Davis. Mr. Abney and Officer Scarbrough were riding in the back seat. After the inquiry concerning the manner in which the confession was obtained was concluded, the confession was admitted in evidence, and the Commonwealth had closed its case, appellant took the witness stand in his own behalf. In testifying at this time, he related circumstances concerning the obtaining of the confession which, if true, could have been considered by the court as evidence of coercive influence. But it was too late for the court to consider this evidence in

respect to the competency of the confession. Appellant should have introduced it before the court ruled on the competency of the confession. Under the circumstances, the court did not err in admitting the confession as having been voluntarily made.

We cannot consider the second ground urged for reversal, because the complained of argument appears only as a ground for a new trial, and it does not appear in the record that the argument complained of actually was made. In the recent case of Lee v. Commonwealth, 311 Ky. 495, 224 S. W. 2d 919, it was pointed out that although an improper argument was copied at length as a ground for a new trial, and the motion and grounds for a new trial were made part of the bill of exceptions, the certification of the bill of exceptions is not a certification that the matter relied on in the motion and grounds for a new trial actually occurred. Such a certification merely shows that the appellant listed the alleged argument as a ground for a new trial. Section 282, Criminal Code of Practice; Alsept v. Commonwealth, 240 Ky. 395, 42 S. W. 2d 517, 518.

The judgment is affirmed.